## KINNEY *vs.* WATTS.

The doctrine of the common law, that certain words in the conveyance of real estate of themselves *import* and make a covenant in law, as *dedi, concessi, demisi,* &c. is *abrogated* by the revised statutes, by which it is enacted that *no covenant shall be implied in any conveyance of real estate,* whether such conveyance contain special covenants or not ; and it was accordingly held in this case, which was an action by a tenant against his landlord for an *ouster,* and in which the plaintiff had declared on an *implied covenant for quiet enjoyment,* that he was not entitled to sustain his action.

But had there been an *express covenant,* the court held that the tenant not having paid any *purchase money* on obtaining his lease, would have been entitled to recover only *nominal damages,* although he had expended a large sum of money in improvements for the beneficial use of the premises during the term ; that the remedy of the party was by *an action on the case*—although in this case the court intimate an opinion that from the peculiar provisions of the lease the plaintiff was remediless.

THIS was an action of *covenant,* tried at the New-York circuit in September, 1833, before the Hon. OGDEN ED-WARDS, one of the circuit judges.

The plaintiff was the lessee of a water lot and mill privileges on the Passaic river, in New-Jersey, demised to him by the defendant, for the term of *ten years* from the first day of October, 1831, at an annual rent of $60, payable quarterly. The demise was of all that dock, lot of ground, dam and water privilege, situate, &c., describing it particularly, " together with the use of the dam now across said brook, with the privilege of using the water and water-fall created by said dam ; and with the further privilege of flowing so much of the adjoining marsh as may be necessary, provided the said dam be not raised higher than to flow the water back even with the bottom of the apron of the water wheel at the mill next above, as the same now lays," &c. The lease was dated 31st August, 1831. The plaintiff erected a mill on the premises for grinding materials for manufacturing colours, and also erected other buildings, which cost from $1000 to $1500. The mill was put in operation in July, 1832, and worked well. It was a tide mill, and kept in operation from about half tide to low water. The water on the dam breast was $38\frac{1}{2}$ inches. In

August, 1832, the defendant, who owned the mill above, complaining that the water of the plaintiff's mill flowed back over the bottom of the apron of the water wheel of his mill, cut a *drain*, by which he reduced the water on the dam breast of the plaintiff's mill to 25½ inches, by which about one third of the original power of the plaintiff's mill was lost. The plaintiff's dam, at the time of the cutting of the *drain*, was in the same condition in which it was at the execution of the lease, not having been raised beyond the heighth at which it then was. In consequence of this reduction of power, the mill could not be worked, and the plaintiff brought his action, alleging a breach of a *covenant for quiet enjoyment*, although there was no *express covenant* to that effect in the lease. On the trial the plaintiff proved the expense of the buildings, and other expenditures incurred in improving the premises ; the evidence to establish which was objected to by the defendant, who insisted that the plaintiff, if entitled to recover at all, should recover only nominal damages. The objection was overruled, and the defendant excepted. The jury found a verdict for $800 damages. The defendant tendered a bill of exceptions, and now moved in arrest of judgment, on the ground that the indenture of lease did not contain a covenant for quiet enjoyment in *express terms*, and that such covenant could not be *implied ;* and if unsuccessful in his motion for arrest, then that a new trial should be granted, on account of the admission of the evidence objected to on the trial, as set forth in the bill of exceptions.

*S. Stevens*, for the defendant.

*I. L. Wendell*, for the plaintiff.

*By the Court*, SUTHERLAND, J. It is contended, in arrest of judgment, that the doctrine of *implied covenants* is entirely abrogated by the revised statutes. The 140th section of the article entitled "of alienation by deed," 1 *R. S.* 738, is as follows : " No covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not." This language is clear, precise and perempto-

ry.  No covenant whatever shall be implied, in any convey-
ance of real estate.  There is no room for construction.  If
the conveyance is of *real estate*, and contains no express
covenant for quiet enjoyment, the covenant cannot be im-
plied, and of course no action for the breach of it can be sus-
tained.  At common law certain words, when used in a con-
veyance of real estate, of themselves import and make a cove-
nant in law, as *dedi, concessi, demisi,* &c.  *Comyn's Dig. tit.
Cov. a. 4.*  As if a man, by deed, demise land for years, and the
lessee is ousted, covenant lies upon the word *demisi.*  4 *Coke,*
80, *b., note and cases.  Cro. Eliz.* 674.  2 *Leon.* 104.  *Cro. J.*
73.  1 *Saund.* 322, *a. note* 2.  No doctrine is more familiar, or
better settled, and it must have been this doctrine of the
common law at which this provision of the revised statutes
was directed, and which it was intended to abrogate.  That
a lease like this for 10 years is a conveyance of *real estate*,
is shown conclusively by the definition of those terms, in a
subsequent part of the revised statutes.  In 1 *R. S.* 762, § 36,
it is declared, " That the term *real estate*, as used in this
chapter, shall be construed as co-extensive in meaning with
'lands, tenements and hereditaments,' and as embracing *all
chattels real*, except leases for a term not exceeding three
years ;" and such would be the legal import of the terms, I
apprehend, without any legislative declaration upon the sub-
ject.  It is not perceived, then, how any construction can be
given to this statutory provision, which will not embrace
this case, and render it fatal to this action.  The lease on
which the action is founded is a conveyance of real estate ;
it contains no *express covenant* for quiet enjoyment, and the
statute says none shall be *implied*.  The action is founded
upon such implied covenant, and therefore cannot be sus-
tained.  The judgment must be arrested.

Upon the bill of exceptions :  The rule of damages in an ac-
tion for a breach of the covenant of quiet enjoyment and evic-
tion is well settled in this court.  The plaintiff, in such an
action, can recover only the consideration money paid, and
six years interest.  The measure of damages is the value of
the land at the time of the sale, and not at the time of the evic-
tion ; and the price agreed upon by the parties is considered

conclusive evidence of such value. The vendee cannot recover from the vendor the enhanced value of the premises, whether such value has been increased by the expenditure of money in improvements thereon, or by any other more general cause. 2 *Wendell*, 405, *where the leading cases are referred to.* 3 *Caines*, 311. 4 *Johns. R.* 1. 5 *id.* 49, 85. 7 *id.* 173. 9 *id.* 324. 13 *id.* 50. 4 *Dall.* 441. 2 *Mass. R.* 433, 455. 3 *id.* 523. 2 *Wheat.* 62, *note c, where all the cases are well collected.*

A vendee, when he purchases, may insist upon special covenants, which will secure to him a perfect indemnity for any expenditures or improvements upon the premises, in case of eviction; but if he takes the general covenants of warranty and quiet enjoyment, he has no right to complain that the law does not afford him full compensation for the loss and injury which he has sustained by eviction. If he resorts to an action upon this covenant, he must take the rule of damages which the law has established for a breach of it. A lease, where no purchase money is paid by the lessee, does not differ in principle, in this respect, from an ordinary conveyance in fee for a valuable pecuniary consideration. As the lessee has paid no purchase money, he can recover none back upon eviction; and in respect to the improvements which he may have made upon the premises, and the money expended upon them, he stands precisely upon the same footing with a purchaser who recovers nothing for improvements or expenditures; nor can a lessee, upon the ordinary covenant for quiet enjoyment. All the evidence, therefore, in this case, in relation to the value of the buildings and improvements erected and made by the defendant on the demised premises, and his loss of business and skill, &c. was improperly received. He was entitled, at most, only to nominal damages. The appropriate action for the injury complained of by the plaintiff would have been a special action on the case, in which the question of damages is entirely at large, embracing all the loss and injury which is the necessary result of the illegal acts complained of, if the declaration is properly framed. But I am inclined to think, that according to the true construction

of this lease, the plaintiff was not entitled to have the water in the brook higher than on a level with the apron of the water wheel, at the mill above. That part of the lease is as follows: "Together with the use of the dam now across said brook, with the privilege of using the water and water fall, created by said dam, and with the further privilege of flowing so much of the adjoining marsh as may be necessary, *provided the said dam be not raised higher than to flow the water back even with the bottom of the apron of the water wheel at the mill next above, as the same now lays.* The cardinal intention of the parties, in this proviso, was to limit the elevation of the water so as not to destroy or interfere with the mill above, which belonged to the defendant. The dam was referred to merely as the means of producing such elevation; and although the phraseology is somewhat inaccurate, it leaves no reasonable doubt of the actual intention of the parties, upon the facts as they now appear in this case. I do not think the plaintiff can recover in any form of action, for the diversion of the water of the brook by the defendant. Upon this application a new trial, however, must be awarded on the bill of exceptions.