By the Court, Cowen, J.
In February, 1793, Van Rensselaer demised in fee to the witness’ father, Henry Burhans, reserving a rent and quarter sale. The father dévised to his son David, the witness. The lease from Van Rensselaer contained a covenant for quiet enjoyment; and the lessor is of sufficient ability to make good the indemnity which it implied. The witness demised to the defendant, also with covenant for quiet enjoyment. The last mentioned lease was for a term of years. In ejectment for dower in the land, the witness was offered for the defendant, and was rejected because of interest. Van Rensselaer had notice to defend the suit.
Prima facie, the witness was interested in favor of the *100 defendant; and the question is, whether the covenant by Tan Rensselaer worked a balance of that interest. This depends on the single inquiry, whether the damages recoverable in an action against Tan Rensselaer would necessarily be commensurate with the amount of the witness’ responsibility in an action on his covenant, and his loss in other respects. The recovery of the plaintiff in this suit, would take from the defendant specifically one third of the premises demised to him by the witness; thus, pro tanto, displacing his title and possession, and the witness’ right of entry-at the expiration of the term. It would also take in the same proportion from the witness’ claim of rent from the defendant These Considerations seem to affect the witness, over and above the question of damages. The recovery by the defendant against the witness, and by him against Tan Rensselaer, would, according to the. opinion expressed by Mr. Justice Sutherland, in Kinney v. Watts, (14 Wendell, 38, 41,) be exactly equal. The rule he lays down is this : “ As the lessee has paid no purchase money, he can recover none back upon eviction. He is entitled, at most, only to nominal damages.” Following out that rule literally, neither the defendant nor the witness could recover more than one third of nominal damages. Improvements and rise in - value are, of course, not to be considered, according to the opinion cited. They are left to stand on the principle which prevails on a like covenant as between vendor and purchaser, which is well known. To the damages would be added the costs, which the witness would pay to thé defendant, and recover in full against Tan Rensselaer. So far there would be a balance. But the witness loses his right of entry, and his rent. He comes to maintain his tenant in possession, which is the witness’ own possession; (Jackson, ex dem. Rosevelt, v. Stackhouse, 1 Cowen, 122; per Tindal, Ch. J., in Doe, ex dem. Bath, v. Clarke, 3 Bingham, N. C. 429;) and although a recovery might not conclude, as between him and the plaintiff, on the point of title, his loss of entry and rent, would probably be of considerable additional consequence. I say, probably. I admit it does not so expressly appear *101 in the case. Non constat they would he of any value; but we cannot presume such an extraordinary state of things as would make that so. If they were of no consequence, that fact should have been shown, or the witness should have released his .rights in this respect.
But if we were to revise the rule laid down in Kinney v. Watts, I am satisfied, on reflection, we never could do more than allow, as against Yan Rensselaer, the value of the one third in question, as it stood in 1793, subject to rent and quarter sale. The balance then against the witness, would be, the damages for loss of his rent, and right of entry, in respect to an increase of value and improvements, made in the mean' time. These two are so strongly probable, from the common course, that we cannot presume against their existence.
In either view, therefore, I am of opinion that the interest of the witness was not equal; and that a new trial should be denied.
New trial denied.