By the Court. Bosworth, J.
The judge, who presided *408 at the trial of this action, precluded the defendants from proving the facts alleged in their answer, Was that decision erroneous ? This is the only question presented by the case,
It is alleged that the defendants, by the wrongful acts of the plaintiffs, were deprived of the free and Uninterrupted enjoyment of the demised premises. The free and uninterrupted enjoyment of the premises was the consideration of the defendants’ agreement to pay the stipulated rent, for the recovery of which this action is brought. The plaintiffs, by their unlawful conduct, have produced a partial failure of the consideration of this agreement, Can this partial failure of consideration, thus occasioned, be shown, in an action to recover the whole stipulated consideration, to reduce the amount to be recovered?
On the part of the plaintiffs, it is not denied that they are liable for damages, assuming that they have done the acts set tip in the answer, But it is insisted that such damages could hot be recovered in an action ex conbraetM, and that damages resulting from an unauthorized interference of a lessor with his lessee’s enjoyment of the demised premises, not amounting to an eviction, is not a ground for recouping damages, in an action to recover the reserved rent. That damages resulting from acts dui’ing the term cannot in any case be recouped, unless the defendant could recover them in an action ex contraetiu. That the damages suffered in tiffs case could only be recovered in an action ex delicto, and are, therefore, not a proper subject of recoupment.
Cram v. Dresser (2 Sand. S. C. R. 125) is cited by the plaintiff as decisive of this question.
Whether the 150th section of the Code, as amended by the act of April 16th, 1852, would allow such facts to be averred and proved, on the ground that they would constitute a defence falling within its definition of a counter claim, it is not material to inquire, All the pleadings in this action had been interposed some months before the provision in relation to counter claims became apart of tile Code.
This case must, therefore, be determined by the law as it was when the action was commenced, and the issues arising in it Were joined. It seems to be difficult to distinguish this case *409 from that of Cram v. Dresser. Each is an action by a lessor against his lessee, to recover the rent agreed to be paid for the use of the demised premises. In each case the lessee entered upon the premises, and continued in the actual possession and enjoyment of them during the term.
In each case, the damages sought to be recovered resulted from misconduct of the lessor, subsequent to the commencement of the term, "Which disturbed the lessee’s enjoyment of the premises, and rendered stich enjoyment less valuable than it would otherwise have been.
In Cram v. Dresser, the mere entry of the lessor was lawful, because authorized by the terms of the lease. The tortious conduct of the lessor after entry is characterized" by the court as being “ of the same quality as a trespass, although Unaccompanied by any force.”—Id. 126
In this case, the interference Was forcible as well as tortious. There was no covenant in either lease that the lessor would not interfere with, nor disturb the lessee’s enj oyment of the premises. This court held in Cram v. Dresser that as there was no covenant against any such interference, the damages resulting from it could only be recovered by an action of tort, and could not be recouped.
In Cram v. Dresser, the defendant, by a notice annexed to his plea, stated that he would insist on recovering the damages Which he had sustained by the improper conduct of the plaintiff, “ by way of recoupment of the damages at the trial.”
In the case at bar, the defendant, Mabie, in his answer gives notice, that he will insist on having the damages he has sustained recouped, and set off against the damages claimed by the plaintiffs.
In each ease, therefore, the defendant sought to recoup the damages which he claimed he had sustained. In each case the defence was attempted to be interposed, on the principle that the doctrine of recouping damages was applicable to the facts of the case. If the evidence is inadmissible, provided it is not a proper case for recoupment, then the case of Cram v. Dresser is conclusive upon this court, unless it is prepared to reconsider and overrule it.
In this case there was no express covenant for quiet enjoy *410 ment. Hone is implied by law, on which an action will lie. (1 R. S. 738, § 140; Kinney v. Watts, 14 Wend. 38; 1 R. S. 750 § 10; id. 762, § 36; Dalston v. Rowe, 1 Ld. Raym. 77.)
In Cram v. Dresser, the court enumerated the cases in which the doctrine had been applied, and said that it had “been applied to the reduction of the price of goods sold, when there was either a Warranty-broken, or fraud in the sale, or a distinct agreement, relative to the subject matter, which was broken, to dimmish the recovery on a contract for labor and materials, Which was not faithfully executed; and, finally, a tenant’s da* mages, by reason of the breach of an agreement to repair, have been admitted in his defence to an action brought by the land" lord to recover the rent of the demised premises.”
In all the cases in which the defendant has been allowed to recoup damages, resulting from the breach of a covenant or promise of the plaintiffs, it wás a covenant or promise cotem* pol-áneous with that made by the defendant, and deemed to be part and parcel of the contract.
If; in this case, there had. been a covenant for quiet enjoy» ment, the acts of the plaintiffs, which the defendant offered to prove, would have been a breach of it, and the damages re= suiting from such breach would have been a proper subject of recoupment. (Ballerman v. Pierce, 3 Hill, 171; Ives v. Van Epps, 22 Wench 155.)
In the case supposed, the damage would have resulted from a trespass, which trespass would have been the breach df an express covenant In this ease, the acts done are not a breach of an express covenant for quiet enjoyment, for the lease con* tains none ; but they are the breach of a duty resting on the plaintiffs, which duty required them to abstain from any and all acts that Would diminish the wharfage that would otherwise accrue¡
But that duty or obligation was one existing With equal fores against other persons as against the plaintiffs. It was equally the duty of strangers to not interfere! If the plaintiffs or strangers interfered, an action at law would lié, and the same damages would be recoverable in the one case as in the other. (Kinney v. Watts, 14 Wend. 38.)
This duty of the plaintiffs did'not arise otit Of any covenant *411 On their part contained in the lease, hut is One which the laW imposes upon every member of the community.
It cannot therefore be said, that the claim or demand df the defendant springs out of the contract or transaction, which creates the liability on his part, It does not arise out Of any fraud inducing the acceptance of the léase, nor Out Of the breach of any covenant on the part Of the plaintiffs, Contained in it, of of any promise made contemporaneously with it.
It arises from a tort, which might as well have been commit* ted by a stranger as by the plaintiffs, which was subsequent td the execution of the lease, and the entry by the defendant upon the enjoyment of‘the thing demised.
It may be urged, that if a tenant id deprived, by the lessor, of the thing letten in whole or in part, the obligation to pay rent ceases, because such obligation has its force only from its consideration, which is the enjoyment of the thing demised. (Gilbert on Rents, p, 145.)
That an unlawful interference by the lessor, with the lessee’s enjoyment of the premises, rendering their use less valuable, although not amounting to a technical eviction, deprives him, in part, of the consideration of his covenant to pay rent, and therefore presents the case of a partial failure of consideration, which should operate to reduce the plaintiff’s recovery.
To this it may be answered, that all the cases in which the doctrine of recoupment has been applied, are those in which the defendant failed to ultimately receive a full consideration for the sum sought to be recovered of him. When sued for thé price of property which he was induced to buy by reason of fraudulent misrepresentations as to its quality, by showing the ff'aud, he establishes the fact, that he at no time had the whole of that which constituted the consideration of his promise to pay the contract price. (Van Epps v. Harrison, 5 Hill 63-66.) He was never put in possession of that which he contracted to buy, •
But if the property had been as represented, and subsequent to its delivery to the defendant, the plaintiffs had tortiously injured it, or interfered with the defendant’s beneficial enjoy* ment of it, although liable in tort for such conduct, no one, I think, will pretend that, in an action for the price, such tort *412 could be proved and tile damages resulting from it be recouped» Yet the tort supposed, would have deprived the defendant, in one sense, of part of the consideration of his promise.
In judgment of law, the, cause of action arising from the tort, in such a case, does not spring from the same contract or transaction, as the action upon the promise to pay the stipulated price, It does not spring from the same contract, for that contains ho stipulation ifi respect to the conduct complained of.
In the case at bar, the liability of the plaintiffs to the defendant, upon the facts offered to be proved, would have been precisely the same, if the lease had been given to the defendant, by some other person. I think no case can be found, which" allows a tenant to show a tort of the lessor, in bar of an action for the rent reserved, or to reduce the amount of the recovery, unless such tort amounts, in law, to an eviction. That a trespass upon, or tortious interference with, the demised premises, during the term, which merely renders the tenant’s enjoyment less valuable, but which cannot he treated as an eviction, and Which violates no Covenant contained in the lease, cannot be set Up as a partial failure of the covenant to pay a fixed rent, or by way of recoupment.
That such conduct on the part of the landlord, is to be redressed in the same way as if it had been the act of a stranger.
That Cram v. Dresser was decided in accordance with adjudged cases, and that no well considered case justifies us in extending the doctrine beyond the limits authorized by the previous decisions. (Reab v. McAllister, 8 Wend. 109; Ballerman v. Pierce, 3 Hill, 171; Van Epps v. Harrison, 5 Hill, 63; King v. Paddock, 18 I. R. 141; Nichols v. Dusenburg, 2 Coms. 286; Harrington v. Snyder, 8 Barb. S. C. 281, 6 Barb. S. C. R. 386; Willoughby v. Coms., 3 Hill, 392; Bushell v. Lechmere, 1 L. Ray., 369.)
In this Case the defendant, Iffabie, received all the wharfage that actually accrued, during the whole term,
The motion for a new trial must be denied, and a judgment entered in favor of the plaintiffs upon the verdict.
The same judgment will be entered in the other action between the same parties.