De Forest v. Byrne.

GERARDUS DE FOREST *v.* GEORGE C. BYRNE.

A recital in a lease, of the purposes for which demised premises are let, constitutes an express covenant on the part of the tenant to use them for no other purpose. Thus, the lease reciting that the landlord let the premises to the tenant "to be occupied as a lumber yard," *held*, that this constituted an express covenant, on the part of the tenant, to occupy them for that purpose, and that the erection of buildings thereon, by the tenant's assignee, was a wrongful act.

The assignee of a tenant having devoted the demised premises to a use inconsistent with the tenant's covenant in the lease, in consequence of which the premises became subject to the payment of a tax which constituted a lien upon the land, and the assignee of the tenant having refused to pay the tax upon demand, and the landlord having been obliged to pay it, to prevent the premises from being sold; *held*, that he could recover it in an action against the tenant's assignee.

APPEAL by defendant from a judgment of the third district court. This was an action to recover for money paid by the plaintiff to the use of the defendant, under the following circumstances: The plaintiff leased certain premises in West street, New York city, to one J. F. Bridges, for the term of five years; the lease reciting that they were " now occupied by said Bridges as a lumber yard and to be occupied as a lumber yard." This

lease was afterwards assigned by Bridges to the defendant, who ceased to use the property as a lumber yard and erected five buildings thereupon. In consequence of the erection of these buildings, the lots became subject to the payment of water rates and liable to be sold for the payment thereof, if the rates were not paid. The defendant having refused to pay these rates, the plaintiff, being the owner in fee of the lots, paid them, to prevent the land from being sold for the non-payment, and brought this action against the defendant for the amount. The court rendered judgment for the plaintiff and the defendant appealed.

*Charles S. Jordan*, for appellant.

*F. F. Marbury*, for respondent.

DALY, J.—The premises were demised to Bridges to be occupied as a lumber yard, and the defendant, as the assignee of Bridges, saw fit to devote them to another use, in consequence of which, they became subject to the payment of a certain water tax. This tax was a lien upon the land, and to discharge the lien the plaintiff paid the tax, after it had been demanded of the defendant and he had refused to pay it. I think there can be no doubt of the plaintiff's right to recover it from the defendant.

By the terms of the demise, the plaintiff agreed to let and the tenant to take, the premises, to be occupied as a lumber yard. This was an express covenant to occupy them as a lumber yard. To constitute an express covenant, no formal, technical, or precise terms are required; but wherever the intent of the parties can be collected out of the deed, for the doing or the not doing a particular thing, that is sufficient to make an express covenant. Platt on Covenant, 27. The intention here is as plain as if the words of the lease were "I covenant and agree to occupy the premises as a lumber yard," and occupying them for another purpose was a breach of the covenant. The case of *Kinney* v. *Watts* (14 Wend. 38) was very different. There, under a de-

mise for years, the defendant was sought to be charged upon a covenant for quiet enjoyment. As no such covenant was expressed, it had to be implied as the necessary consequence of the grant of the land, but as no covenant, in a conveyance of real estate, can be implied under the Revised Statutes (1 Rev. Stat. 738), it was held that the plaintiff could not maintain an action of covenant for a disturbance of his possession, though he might have maintained one for the injury done. But here the defendant expressly agreed that the premises should be occupied as a lumber yard ; that was a covenant running with the land, and the assignment to the defendant was subject to that covenant. The erection of the buildings, therefore, was a wrongful act, and the defendant having thereby imposed a permanent charge upon the plaintiff's property, which he refused to pay off, the plaintiff was forced to discharge it to release the property, and has a claim against the defendant for restitution.

Judgment affirmed.