By the Court. Bosworth, J.
Assuming the consent, that Curr might assign the lease to the defendants, to be the same, in effect, as if it had been signed by the plaintiffs personally, and the *578 agreement between them and the defendants to be as valid and effective as if the plaintiffs had executed it in person, instead of executing it by T. Allen, their agent, the only question would be, whether the defendants can be restrained by injunction from violating the covenant in question. Steward v. Winters, (4 Sand. Ch. R. 587;) Howard v. Ellis, (4 Sand. S. C. R. 369,) are authorities in support of the affirmative of that proposition.
The provisions of the statute law, which inhibit the transaction, on the Sabbath, of the business which the defendants covenanted not to prosecute on the premises on that day, and the considerations of public policy, which induced the enactment of such laws, should not disincline the Court to enforce, in behalf of the plaintiffs, such use of the demised premises as they exacted, when consenting to the transfer of the lease, and as the defendants, to obtain such transfer, then covenanted to make of them. (1 R. S. 675 ; Articles 8 and 9 of Part 1, chap, xx.)
The defendants have no right to use the premises at all, except by treating Allen as the actual agent of the plaintiffs, and one whom they were competent to appoint to do the acts, which he performed in their name and on their account. The plaintiffs were competent to do, personally, the acts which Allen performed as their agent, and the evidence of their ratification and adoption of his acts, furnished by their claiming the benefits of the contract, is sufficient to make the consent to the transfer of the lease and the agreement their own contracts, as between themselves and the defendants, who have entered into, and continued in the use and enjoyment of, the premises, by virtue of these transactions. (3 Kern. 593-594.)
The Court, therefore, properly refused to dismiss the complaint, on the grounds on which it was moved.
The first offer of evidence was properly excluded, because the defendants were not at liberty to show, in this action, that their landlord never had any interest in the demised premises. (Jackson v. Davis, 5 Cow. 123.) The fact that Mrs. Dodge may have owned the premises in fee, does not, necessarily, make the appointment of the plaintiffs, as receivers of such premises, void, nor affect the validity of any leases which they make, of any part of the premises to which their receivership extended.
The evidence proposed to be given under the second, third, and *579 fourth offers, present no reasons why the defendants should not perform their contract, as they made it. (Howard v. Ellis, et al., supra)
The fifth offer proposed to vary the effect of a written agreement, by proving less than a cotemporaneous verbal contract, in" conflict with it. It proposed to prove a statement of the agent, that his principals would not avail themselves of the benefit of a covenant which they exacted, provided the violation of it was orderly, and not accompanied by disorderly or improper conduct. This exception, like the others, is untenable, and the judgment must be affirmed.
Judgment affirmed.