## NEW YORK SUPERIOR COURT.

### EDWARD H. GILLIAN, survivor, &c. agt. HENRY G. NORTON and others.

A lessor can have no relief *in equity* for a breach of covenant *not to underlet.* If he has the right, by the terms of the lease or otherwise to re-enter, he must *proceed at law ;* or he may waive the right to enter, and recover his damages.

But the court has frequently restrained a lessee from using demised premises in opposition to his covenant. And a mere recital in the lease of the purpose for which the premises are let, has been held to constitute a covenant.

Where lessees underlet, in violation of their covenant, they are responsible for the acts of their tenant; and the use of the premises by such tenant for a purpose deemed extra hazardous on account of fire, in violation of the lessee's covenant, a continuance of which violation a court of equity may interpose to prevent, and not only to prevent, but to *compensate in damages* for any injury sustained.

It is a settled principle that where a court of equity acquire jurisdiction of the subject matter of the action, they may make complete reparation to the parties.

Where an action is brought by the landlord against the lessees and their tenants holding under them, for a breach of the lessees' covenant, in permitting the premises to be used for a purpose deemed extra hazardous, and to restrain a continuance of the same, there is but one cause of action, and all the defendants are necessary parties, although the sub-tenants were the active agents in making the breach.

*Special Term, January,* 1867.

THE complaint alleges a lease to the defendants Norton and Studley, of the first floor and basement of the buildings Nos. 100 and 102 Liberty street, with a covenant on the part of the lessees to use the premises for the storage and sale of india rubber goods, and that the same should not be used for any purpose deemed extra hazardous, on account of fire ; that they would not assign the lease, or let or underlet the premises without the written consent of the plaintiffs, and would yield up the premises at the end of the term, in good

condition. There was a right to re-enter upon a breach of any of the covenants.

The complaint then alleges that the defendants Norton and Studley, without the consent of the plaintiff, have underlet the basement and cellar of No. 102 Liberty street to the defendants George and Henry Leach, who are in possession thereof, using the same for the storage and sale of hardware; and in like manner have underlet the basement and cellar of No. 100 Liberty street, to the defendant William H. Disbrow, who is in possession and using the same for the storage and sale of carriages, and the stabling and sale of horses. That he has erected stalls therein, with mangers and racks, and other fixtures, for the accommodation of horses, and has placed therein quantities of hay, straw, grain, &c., for feed for horses, and is daily bringing into and keeping in the basement of said No. 100 Liberty street, numbers of horses; that the floors, walls and ceilings, are injured by the urine from the horses, and the offensive smells caused thereby. That the use of said building for stabling horses, is injurious to the reputation of both said buildings, so that their value is diminished, and they cannot be let to as good advantage as otherwise they might be. That the occupation of said basement of No. 100, is also a violation of the covenants of the lease, being used for a purpose deemed extra hazardous, thereby increasing the rates of insurance by at least $300 a year.

The relief demanded is, that the defendants may pay the plaintiff the damage to said buildings, and that they may be restrained from all violations of the covenants of said lease, or from underletting the premises without the plaintiff's consent, and from occupying or using the premises, or any part, for any business deemed extra hazardous; that the defendant Disbrow, be specially enjoined from using the basement of No. 100 Liberty street, for stabling horses, &c.; and that all or any of the defendants who have made any alterations to or in said premises, may restore the premises to their former condition.

The complaint also asks for costs against all the defendants.

The defendants Norton and Studley, demur to the complaint, alleging, first, that several causes of action have been improperly united ; and second, that the complaint does not state facts sufficient to constitute a cause of action.

DAN. MARVIN, *for plaintiff.*
W. F. ALLEN, *for defendants Norton and Studley.*

MONELL, J. The ground or cause of complaint against the defendants Norton and Studley, is a breach of their covenant not to underlet without the permission of the lessors, and not to use the premises for a purpose deemed extra hazardous on account of fire. The covenant not to underlet, was broken by the letting of one of the buildings to Leach Brothers, and of the other to Disbrow. The other covenant was broken by the use the premises let to Disbrow were put to by him, which, it is alleged, is a use deemed extra hazardous.

A lessor cannot have relief in equity for a breach of a covenant not to underlet. If he has the right, by the terms of the lease, or otherwise, to re-enter, he must proceed at law ; or he may waive the right to enter, and recover his damages. Equity will not interfere and give redress where the remedies are adequate at law ; and in this respect the union of law and equity by the Code, has not changed the rule. All the plaintiff's remedies for a breach of the covenant not to underlet, are, therefore, at law.

But it is claimed that the other covenant is one of which a court of equity will take cognizance, and will enjoin a continuing breach, to avoid multiplicity of actions. The covenant is not to use the premises for a purpose deemed extra hazardous on account of fire, and is substantially the same as a covenant not to use the premises for any purpose or business other than such as is designated in the lease.

This court has frequently restrained a lessee from using demised premises in opposition to his covenant. (*Howard*

agt. *Ellis*, 4 *Sandf. S. C. R.* 369 ; *Dodge* agt. *Lambert*, 2 *Bosw.* 570 ; *see also Stewart* agt. *Winter*, 4 *Sandf. ch.* 587.) And a mere recital in the lease of the purpose for which the premises are let, has been held to constitute a covenant. (*De Forrest* agt. *Byrne*, 1 *Hilt.* 43.)

Norton and Studley having underlet, in violation of their covenant, are responsible for the acts of their tenant ; and, therefore, the use of the premises by such tenant, for a purpose deemed extra hazardous, was a violation of their covenant, a continuance of which violation a court of equity may interpose to prevent, and not only to prevent, but to compensate in damages for any injury sustained ; for it is a settled principle that a court of equity having acquired jurisdiction of the subject matter of the action, may make complete reparation to the parties. (*Story's Eq.* §§ 796, 797.)

It being competent for the court in this case, to restrain the continued violation of the lessees' covenant, it may also assess such damages as the lessor has sustained, and give judgment therefor.

The objection that the facts stated do not constitute a cause of action, is not, therefore, in my opinion, well taken.

The remaining ground of demurrer is, that there is an improper joinder of actions.

The alleged misjoinder of actions against the defendants Norton and Studley, I have already disposed of, by showing that a lessor may obtain relief in equity, restraining a continued violation of a covenant, and also for damages.

But it is claimed that the relief demanded against the undertenants, will require a different and separate judgment, and that a cause of action which will authorize a judgment against them, cannot be united with a cause of action against their immediate landlord.

To make the injunction effectual, it was necessary to enjoin all persons engaged in violating the covenant ; not only the lessees Norton and Studley, but all others who, under them, by their authority, consent or direction, were breaking their covenant ; and the judgment, if the action shall be sustained, will perpetually restrain each and all the defendants alike.

Gillian agt. Norton.

It was necessary, therefore, to prosecute not only the lessees of the plaintiff, but all persons holding under them ; otherwise the latter would be under no restraint. So far, then, as concerns the equitable relief, the action is properly brought against the lessees and their tenants, and there is not, in my opinion, any misjoinder of actions. There is, indeed, but one cause of action, namely, for the breach of the lessees' covenant, and all the persons made defendants were necessary parties to the plaintiff's obtaining adequate relief in the premises.

It is suggested, however, that there cannot be a joint judgment for damages against all the defendants. That is probably so. There is no privity of contract between the undertenants and the plaintiff, and there cannot be a recovery against them of damages for the breach of the lessees' contract. But I cannot see any difficulty in pronouncing separate judgments. The power to do so is in express terms given by the Code (§§ 118, 274), and is constantly exercised by the courts even in actions at law.

Taking the case then as presented by the complaint, it is this : The defendants Norton and Studley, have broken their agreement with the plaintiff, by actually or tacitly permitting the premises to be used for a purpose deemed extra hazardous, whereby the plaintiff has sustained damage. The active agent in causing or making the breach is the defendant Disbrow, and we are asked to restrain all the defendants.

In respect to uniting Norton and Studley and Disbrow in the same action, I see no objection. It may be, however, that a cause of action is not shown against the other defendants. But it is not necessary to examine that question, as it is not made a ground of demurrer.

I think the plaintiff must have judgment upon the demurrer, with costs.

The defendants may have leave to withdraw their demurrer, and answer in twenty days, on payment of the costs.