Jones, J.
As to the first objection, the verification is as ample and positive as the jurat to an injunction bill was required to be in the court of chancery. (3 Hoff. Ch. Pr. 16.)
As to the second objection, it is contended that the de* *563 fendant, being a boarder, had a right, under the lease, to do the acts complained of.
Assuming (without deciding) that by the proper construction of the covenant against underletting, the lessees have a right to take boarders, yet the occupation of the rooms by persons other than the lessees must be in the •strict character of boarders. The definition of the word boarder is, “ one who has food or diet and lodging in another’s family, for reward.” If then one claims a greater right, he must claim by reason of a right of occupation in some character other than that of a boarder. The right to carry on business is certainly not included in a mere right to lodge and be fed. The defendant being a boarder, then, gives him no right to carry on a business; and as he can only get such right as a tenant under a subletting which is prohibited by the lease, it follows that he has no such right, as against the plaintiff.
With respect to the sitting in the parlor, the right to use the parlor at all is confined, by the lease, to the lessees, and the only right accorded to them is that of using it for the reception of company.
The plaintiff, then, clearly has a cause of action against the defendant, arising out of the aforesaid acts done by him. But has he a remedy by injunction ? I think he has. A lessor is entitled to an injunction to restrain the use of premises by the lessees in violation of a restriction in the lease. (Steward v. Winters, 4 Sandf. Ch. 587. Howard v. Ellis, 4 Sandf. 369. Dodge v. Lambert, 2 Bosw. 570.) And when such use is by a person in possession under and claiming a right to such user, through the lessee, there can be no reason why he, as well as the lessees, should not be restrained. (Howard v. Ellis, ubi supra.)
An injunction must therefore issue, restraining the defendant from prosecuting the business of dentist on any part of the demised premises; and also restraiuing him *564 from entering the parlor on the first floor, except only for the bare purpose of calling on and visiting the lessees, in which case his stay therein shall only be prolonged sufficiently for the purpose of such visit, and restraining him from interfering with the windows, shades, blinds, curtains or furniture of said parlor.
As this injunction is granted on the allegations of the complaint, and the defendant has only been heard on the question as to whether the allegations of the complaint are sufficient to warrant an injunction, the injunction must go without prejudice to the defendant’s right to move, on an answer or affidavits denying or avoiding the allegations of the complaint, or setting up new matters, to dissolve the injunction.