CHAUTAUQUA ASSEMBLY, RESPONDENT, *v.* ETHAN L. ALLING, APPELLANT.

*Breach of a condition against assigning a lease without the consent of the lessor, does not make the lease void but only voidable — the breach is waived by the bringing of an action by the lessor to restrain the use of the premises in violation of a covenant of the lease — the assignee of the lessor may enforce restrictions imposed by such lessor but cannot impose new ones.*

On June 20, 1873, the plaintiff's grantor, a domestic corporation, executed a lease of a lot, constituting part of the camp-meeting grounds of the said corporation, to Jane A. Losee and Kate Taber for the term of ninety-nine years, at a rent therein specified, the *habendum* clause of which declared that the lessees and their assigns were to have and hold the leased premises "for a cottage or tent for a private residence." The lease provided that, in case of default in any of the covenants and agreements therein contained on the part of the lessees, the lessors might re-enter and take possession, paying to the lessees, or their assigns, for any cottage or other building then upon said premises, at a fair valuation to be ascertained by persons to be chosen by the parties as therein provided. The plaintiff, to which the said corporation had conveyed its grounds and the reversion of the lots so leased, brought this action against the defendant, who had acquired the rights of the lessees, to obtain a judgment declaring that the lease had been forfeited by a breach of certain covenants contained therein, and to restrain the defendant from using the lot for a purpose forbidden by the lease.

A judgment was entered, upon the report of a referee, adjudging that, by reason of default on the part of the lessees in certain covenants on their part, the lease be annulled upon payment to defendant of $500; that the defendant acquired no title to said lease, and enjoined him from keeping boarders for hire on said lot.

*Held,* that, as the finding that the defendant acquired no title to the lease was based upon the fact that the several assignments under which the defendant claimed were made without the consent of the lessor, it could not be maintained for the following reasons:

*First.* The assignments were not absolutely void, but only voidable, at the election of the lessor or its assigns.

*Second.* The lessor could only avail himself of the breach by re-entering as provided by the lease, or by pursuing such other legal remedy as the right of re-entry conferred.

*Third.* That the breach of the covenants in the lease was waived by the prayer for an injunction restraining the defendant in the use of the premises.

That the judgment was also faulty in fixing the sum of $500 as the amount to be paid for the value of the cottage, as it violated the stipulation contained in the lease that such value should be determined in the manner in the lease provided.

The lease contained a covenant on the part of the lessees that they or their assigns should not use the said premises, nor permit the same to be used, for any purpose inconsistent with the general purpose and design for which the grounds of

said lessor were to be used, and provided that the lessees should hold and enjoy the said premises subject to the laws and constitution of said association.

*Held,* that while the *habendum* clause could not be held to amount to an express covenant not to use the premises for any other purposes than the one therein mentioned, yet as the use of the premises by keeping boarders for hire violated reasonable rules and regulations contained in the by-laws of the lessor, at the time of the execution of the lease, the defendant was bound to comply with them, and that so much of the judgment as restrained him from so using the premises should be affirmed.

That while the lessees and their assigns were not subject to new and additional restrictions created by the assignee of the lessor, they were subject to the restrictions imposed by the by-laws of the lessor so long as its assignee chose to continue them.

APPEAL from a judgment in favor of the plaintiff, entered in Chautauqua county on the report of a referee.

*Frank W. Stevens,* for the appellant.

*Holt & Holt,* for the respondent.

SMITH, P. J.:

On the 20th of June, 1873, the plaintiff's grantor, "The Chautauqua Lake Camp Meeting Association," a domestic corporation, executed a lease of a lot on the grounds of said association, at Chautauqua, to Jane A. Losee and Kate Taber, for the term of ninety-nine years, at a rent therein specified. Subsequently the association conveyed its grounds, including the reversion of the lot so leased, to the plaintiff. The defendant claims to have acquired the interest of the lessees in said lot and lease by divers mesne conveyances. The *habendum* clause in the lease declared that the lessee and their assigns were to have and to hold the leased premises "for a cottage or tent for a private residence," and the lease provided that in case of non-payment of rent or of default in any of the covenants and agreements therein contained on the part of the lessees, the lessors might re-enter and take possession, paying to the lessees or their assigns, for any cottage or other building then upon said premises, at a fair valuation to be ascertained by persons to be chosen by the parties as in the lease provided.

The judgment herein declares that by reason of default on the part of the lessees in certain covenants and agreements on their part in the lease contained, the lease be annulled and rescinded upon

payment to defendant of the sum of $500; it adjudges that the defendant acquired no title to said lease or the leasehold estate, and it enjoins him from keeping boarders for hire on said lot. In all respects the judgment follows the findings of the referee, and the appeal is to be determined upon the findings alone, none of the evidence being contained in the appeal book.

The finding that the defendant acquired no title to the lease, is based upon the fact that the several assignments under which he claims, were made without the consent of the lessor, contrary to a covenant on the part of the lessee, not to assign without the consent of the lessor in writing. This finding cannot be maintained, for several reasons. (1.) Assuming (as the plaintiff contends) but without deciding, that the covenant not to assign is one running with the land, and may, therefore, be enforced by the plaintiff as the assignee of the lessor, still the finding is erroneous. The several assignments of the interests of the lessees are not absolutely void; they are voidable only at the election of the lessor or its assigns. They pass the title, subject to the consequences of the breach. (2.) If the lessor or its assignee chooses to avail itself of the breach, it can only do so by re-entering as provided by the lease, or by pursuing such other legal remedy as the right of re-entry confers. (*Shattuck* v. *Lovejoy*, 8 Gray, 204.) (3.) The prayer for the relief granted in this action, by way of injunction to restrain and limit the defendant in the use of the premises, is a waiver by the plaintiff of the alleged forfeiture arising from the breach of the covenant not to assign, it being inconsistent with the idea that the right of the defendant to occupy under the lease is at an end. By bringing an action to obtain such relief, the plaintiff recognizes a continuance of the tenancy, and the act is an election on its part to hold the tenant to the lease. (*Murray* v. *Harway*, 56 N. Y., 342.) The fact that the plaintiff in the same action, asks that the lease be declared forfeited and that it be adjudged to be rescinded and annulled makes no difference. No judgment is asked for by way of enforcing such declaration. A court of equity will not enforce a forfeiture; equally foreign to its functions is it to declare, as an abstract proposition, that a forfeiture has occurred.

The remarks contained in the third subdivision above stated, apply not only to the declaration in the judgment that the defend-

ant acquired no title, but also to the adjudication that the lessees have made default in the covenants and agreements on their part contained in the lease, and that the lease is therefore voidable by the plaintiff and is thereby annulled and rescinded, upon payment to the defendant of the sum of $500. The latter adjudication is faulty in another respect. The sum of $500 thereby required to be paid is probably intended as compensation for the value of the cottage which it appears the lessees erected upon the premises. That provision of the judgment ignores the stipulation in the lease, that such value shall be determined by a tribunal to be selected for the purpose as therein provided. The stipulation is not collateral merely, but is an independent contract to pay such sum as shall be fixed in the manner provided. (*Scott* v. *Avery*, 5 H. of L. Cas., 811; *The President, etc., of the D. & H. C. Co.* v. *The Pennsylvania Coal Co.*, 50 N. Y., 250.) The sum must be fixed by the tribunal agreed on by the parties and not by the court.

The injunction clause of the judgment restrains the defendant from keeping boarders or lodgers for hire, and from furnishing board, lodging or food for pay or for hire on the lot leased. It is contended by the counsel for the respondent, that such use is a breach of the covenants by which the tenant is bound.

The lease executed by the Camp Meeting Association to Losee and Taber, recited that the lands of which the lot leased was a part, had been purchased and were held by said association for the purpose of camp meetings thereon, and for such other purposes as are not inconsistent therewith. The *habendum* clause stated, as has been already noticed, that the premises leased were to be held by the lessees and their assigns for a cottage or tent for a private residence. And the lease contained a covenant on the part of the lessees, that they or their assigns should not use the said premises, nor permit the same to be used, for any purpose inconsistent with the general purpose and design for which the grounds of said association were to be used, as above mentioned, " the standard doctrines and usages of the Methodist Episcopal Church, being the rule by which such shall be adjudged, and no intoxicating drinks are to be used on said demised premises as a beverage." The lease also provided, that on paying the rent and performing the covenants on their part, the lessees and their assigns might peaceably and quietly hold and enjoy

said premises, during the term of the lease, subject to the laws and constitution of said association. The referee has found that there is a framed house upon the lot which the defendant uses as a private residence for himself and his family during the entire year, and that he also keeps boarders and lodgers therein for hire, without the consent of the plaintiff and against its will.

The plaintiff's counsel contends that the *habendum* clause amounts to an express covenant on the part of the lessees not to use the premises for any other purpose than the one there mentioned. Perhaps the clause may be regarded as a covenant by the lessees to put the premises to the use therein specified, and not to put them to any use incompatible therewith. But it can hardly be held to exclude any additional use that does not interfere with the use specified. There are no words of restriction, such as that the premises shall be used " only " or " solely " for a private residence. It has been held that in a lease a covenant in restraint of a beneficial use of the property will not be implied. Thus, a covenant not to use the premises for any other purpose will not be inferred from the words " to be used as a cabinet warehouse." (*Burgman* v. *Noyes*, 6 Wis., 1.)

In *French* v. *Quincy* (3 Allen, 9) it was held that letting portions of a town building for stores and the like was not a violation of the deed which conveyed the land to be used only as a town hall. In *Button* v. *Ely*,[*] lately decided by us, there was a bequest of money to the town of Franklinville to be expended in purchasing a site and erecting a building, two stories in height, the offices for the lower floor of which was " to be used forever as a town hall and town in its corporate capacity." It was held that leasing a portion of the lower floor to a United States deputy postmaster, to be used as a post-office, was not a violation of the condition. In each of these cases the use prescribed by the condition was not interfered with. The case of *De Forest* v. *Byrne* (1 Hilt., 43) relied on by the respondent's counsel, is distinguishable from these, inasmuch as the character of the buildings which the lessee had erected on the lot demised, was such as to render it impossible to use the lot " as a lumber yard," as required by the condition in the lease.

The further question arises whether the defendant has put the building to a use inconsistent with, or preventive of, the use pre-

---

[*] Reported, *ante*, p. 100.

scribed by the lease. The finding is, that in the cottage on the premises which the defendant uses as a private residence, he keeps boarders and lodgers for hire. It does not appear that his doing so has interfered in any way with his use of the premises as a private residence. There is no finding as to the number of his boarders or the length of time he has kept them. The most that can be claimed from the finding is, that more than one person has boarded and lodged with the defendant, in his family, for some portion of time since the 1st day of July, 1887, when the defendant took an assignment of the lease. We think, therefore, there is nothing in the *habendum* clause which should be held to restrain the defendant from doing what he is shown to have done, by way of keeping boarders and lodgers for hire at his residence.

But the last clause of the lease subjects the holding of the lessees to the constitution and by-laws of the association. The constitution provided, among other things, for licensing boarding tents and making rules for their government, by certain officers of the association. The by-laws of the Camp Meeting Association do not appear in the appeal book, but the referee has found that the by-laws, rules and regulations of the association forbid the keeping of boarders and lodgers for hire on the grounds of the association by any person whomsoever, without the special consent of the corporation. It is also found that Losee and Taber did not keep boarders or lodgers for hire, and were not permitted to do so while said corporation owned the grounds. It is also found that said corporation, on its own account, built boarding and lodging-houses on said grounds for the accommodation of its patrons, and provided the means of keeping boarders and lodgers for hire as the exigencies of the case required, and made special contracts with such persons as it selected to do, for it, the business of boarding and lodging for hire, according to the necessities of the case.

The rules and regulations thus made and enforced, were reasonable and such as the association had the right to make. In our opinion, Losee and Taber were subject to them and bound to comply with them, by virtue of the last clause in the lease, which was a limitation of the rights and interests thereby demised. The whole instrument is to be looked at in determining what was intended to be conveyed.

It appears, however, that after the making of the lease, the Camp Meeting Association sold all its rights in the grounds, including the reversion of all lands leased by it, and that such rights and reversions, including the reversion of the lot leased to Losee and Taber, have been acquired and are now held by the plaintiff, also a domestic corporation, organized for purposes in harmony with those of the Camp Meeting Association.

From this fact, the counsel for the respective parties deduce quite opposite results, For the respondent, it is contended, that the defendant is subjected to the by-laws of the plaintiff, which, in plain terms, forbid the keeping of boarders or lodgers on the grounds, for hire. While the appellant's counsel contends that by the transfer, the by-laws of the Camp Meeting Association ceased to be of force. We think neither position can be maintained. In our opinion, on the one hand, the lessees and their assigns are not subject to new and additional restrictions created by the assignee of the lessor, and on the other hand, the restrictions imposed by the by-laws of the plaintiff are in force so long as the assignee of the plaintiff chooses to continue them. In other words, each party succeeds to the rights and liabilities of his assignor under the lease, no more and no less. If these views are correct, it follows that the defendant in keeping boarders and lodgers for hire is violating a by-law enacted by the lessor which was binding upon the lessees and which the plaintiff has the right to enforce against him. The result is that the judgment, so far as it grants an injunction should be affirmed and in all other respects, reversed.

Counsel on each side having agreed on the argument, that if we conclude that the judgment should stand as to one branch of relief and not as to the other, the judgment may be modified accordingly, we direct it to be so modified, instead of sending the case back for a new trial.

The judgment should be modified accordingly, by striking out all except that portion which grants the injunction, and as so modified affirmed, without costs of the appeal to either party.

BARKER, HAIGHT and BRADLEY, JJ., concured.

Judgment affirmed as to the injunction and reversed in all other respects, without costs to either party.