PETER KRAFT, Appellant, v. R. R. & J. M. WELCH.

Covenant in Lease as to Use of Premises:   BREACH:   *Injunctions.*
Where a lease contained a provision that the demised premises
were to be used for creamery purposes by the lessees, who should
have the right to erect a store building on them in connection
with the creamery, the lessor was entitled to enjoin the lessee
from erecting buildings for different purposes on the land,
in addition to those contemplated by the lease.

*Appeal from Fayette District Court.*—HON. A. N. HOBSON,
Judge.

WEDNESDAY, JANUARY 16, 1901.

PLAINTIFF sued in equity to enjoin defendant from
erecting a building upon premises leased by plaintiff to de-
fendant for use as a creamery, and plaintiff asked that a tem-
porary writ of injunction be granted.   The court ordered
a hearing on the application for a temporary injunction, with
notice, and at the time for hearing sustained defendants' de-
murrer to plaintiff's petition, refused a preliminary injunc-
tion, and, upon plaintiff's refusal to plead over, rendered
judgment against plaintiff, with costs.   Plaintiff appeals.—
*Reversed.*

*J. C. Longueville* and *John Jamison* for appellant.

*Ainsworth, Ainsworth & Dykins* and *G. H. Phillips* for
appellees.

McCLAIN, J.—The leased premises consist of a piece of
farming land, and the lease contains these provisions: "Said
land not to exceed three acres, and to be used for creamery
purposes. * * * This land is rented to be used for creamery
purposes by said Welch Bros., who shall also have the right to

build a store building on said land in connection with said creamery." Plaintiff alleges that defendants have already built the store building authorized by the lease, and other buildings not authorized thereby, and are now proposing and proceeding to build on the same premises a two-story frame building, the lower room thereof to be used as a farm implement warehouse and storage room for buggies, and the second story to be used for a hall; and the petition contains, in addition, the usual allegation as to great and irreparable injury, and the want of any adequate and speedy remedy at law. The designation in the lease of the purpose for which the premises may be used amounts to a covenant not to use them for other purposes. See *De Forest v. Byrne,* 1 Hilt. 43, which was an action at law for breach of covenant in a lease of premises "to be occupied as a lumber yard" by erecting buildings thereon which subjected the premises to the payment of a water tax, which the plaintiff was compelled to satisfy, and the court says: "This was an express covenant to occupy the premises as a lumber yard. * * * The erection of the buildings, therefore, was a wrongful act, and, defendant having thereby imposed a permanent charge upon the plaintiff's property, which he refused to pay off, the plaintiff was forced to discharge it to release the property, and has a claim against the defendant for restitution;" and this statement of the law is quoted with approval in *Gillian v. Norton,* 33 How. Prac. 373. There could have been no occasion to specify in the lease now before us the purposes for which the premises were to be used, unless it was intended that this specification should be restrictive. All other uses were, by necessary implication, prohibited. *Farwell v. Easton,* 63 Mo. 446.

Construing these provisions in the lease as a covenant, the question is whether plaintiff can have an injunction to restrain a breach thereof. It seems to be well settled that a landlord is not confined to his remedy at law by action for damages, which in such a case as this would be practically in-

effectual, nor is he required in order to make a covenant. available, to have provided for a forfeiture. but he may have relief in equity.  As is stated in *Gillian v. Norton, supra,* "this court has frequently restrained a lessee from using demised premises in opposition to his covenant," citing *Howard v. Ellis,* 4 Sandf. 369 ; *Dodge v. Lambert,* 2 Bosw. 570. And in *Steward v. Winters,* 4 Sandf. Ch. 587, it is held that, where there is an express stipulation in the lease as to the use,. an injunction will be granted, although, on the facts presented, it is not clear that there is a serious injury, and it is manifest that the extent of the injury is difficult to be ascertained or measured in damages.  So it is said in *Maddox v. White,* 4 Md. '72, that a bill in equity will lie for an injunction to prevent lessee "from converting the demised premises to uses inconsistent with the terms of the contract, and from making material alterations for such purposes, as also from committing other kinds of waste."  That an injunction to prevent an act of a tenant in violation of the covenants of his lease will be granted, whether constituting waste or not,. see Taylor, Landlord and Tenant, section 691; 2 McAdam, Landlord & Tenant (3d ed), 1429; *De Wilton v. Saxton,* 6 Ves. 106.  There seems to be no reason why this equitable doctrine should not be invoked by plaintiff, and we are of the opinion that the demurrer to his petition was improperly sustained.—REVERSED.