## ROUIAINE v. SIMPSON.

### (Supreme Court, Appellate Term. November 18, 1903.)

1. LANDLORD AND TENANT—COVENANT NOT TO SUBLET—BREACH.

Where a tenant, who has covenanted not to sublet without the landlord's written consent, nor to permit an occupancy for any purpose deemed extrahazardous, sublets, in violation of his covenant, for a carpenter shop, which compels the landlord to pay an extra insurance premium, the tenant is liable for such extra premium.

2. SAME—WAIVER.

Permitting a tenant to retain possession and consenting to receive rent subsequent to the tenant's breach of a covenant not to sublet, or permit an occupancy extrahazardous on account of fire, is not a waiver of such breach.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Benjamin F. Rouiaine against Isador H. Simpson. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Heyn & Covington (Bernard G. Heyn, of counsel), for appellant.

Milton Mayer, for respondent.

BLANCHARD, J. The plaintiff, the landlord of certain premises leased by him to defendant, after the lease has expired seeks to recover of the defendant certain sums that have been applied to pay for extra insurance premiums, as the result of what is claimed to have been a breach by the defendant of the covenants of the lease. This lease contains the following clause:

"Fourth. The tenant not * * * to underlet or underlease the premises, or any part thereof * * * without the landlord's consent in writing; or occupy or permit or suffer the same to be occupied for any use or purpose deemed * * * extrahazardous on account of fire, under the penalty of damages and forfeiture."

The testimony shows that as a result of the presence of a carpenter's bench in a part of the premises demised to him, and by him subleased as a carpenter shop, the insurance rates to the plaintiffs were raised so that they were obliged to pay the sums sought to be recovered in the action as extra or additional premiums. There is no dispute that the defendant had no written consent to sublease that portion of the demised premises as a carpenter shop. The defendant therefore violated the covenant in his lease, and is liable for damages caused thereby. Gillilan v. Norton, 6 Rob. 546.

It is claimed that because the landlord permitted the tenant to remain in possession under the lease, and accepted the rent as it became due, that he thereby waived any right to assert damages. We do

not .think, however, that this is the law. We believe the law to be that the acceptance of the rent is a waiver of. any forfeiture of the lease. Here the landlord does not assert the forfeiture of the lease. On the contrary, he recognizes its existence. He permitted the tenant to remain in possession during the entire term of the lease, but insists that he shall pay the damages for the breach of his covenant. This right of damages is not waived. Conger v. Duryee, 90 N. Y. 601; Moffat v. Henderson, 50 N. Y. Super. Ct. 211.

Under these circumstances, the judgment for the defendant cannot be sustained. It should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.