CATHERINE MOORE v. ELIZABETH PRICE ET AL., Appellants.

**Mining contract:** RIGHTS OF GRANTEE.   A contract conveying simply
1 the underlying coal with the right to mine and take the same out onto the surface, will not authorize the grantee to mine his coal from his own adjoining land and take it out onto the land of his grantor.

**Appeal.**   The appellate court has no jurisdiction to review a decree
2 from which the party aggrieved has not appealed.

*Appeal from Mahaska District Court.*— HON. W. G. CLEM-
ENTS, Judge.

MONDAY, OCTOBER 24, 1904.

THE plaintiff sold to the defendants coal underlying her land, and agreed in the contract of sale that the defendants should have two acres of surface land above the coal for a shaft and engine house and for the purpose of dumping the waste of the mine to be operated on said land.   The contract provided also that the defendants could construct and operate a railroad across the plaintiff's land for the purpose of haul- ing coal from said mine, and contained this further pro-

vision: " When said second party, her heirs, assigns or lessees, shall cease to operate said mine and abandon the same, or when all of said coal shall be excavated, she, her heirs, assigns or lessees, shall remove all said roads, buildings, and shafts connected with said mine, at her or their expense, and fill up all shaft holes. The said Elizabeth Price, her heirs, assigns or lessees, shall have the right to operate a mine on the land above described for the purpose of excavating coal purchased therein, without any compensation except as. herein expressed." After the .defendants had operated the mine on the plaintiff's land for a time they opened mines on their own land adjoining the plaintiff's, and took the coal therefrom through the plaintiff's land, and up the shaft located thereon, dumping the waste and refuse on her land. This is an action in equity to restrain the defendants from so doing. The plaintiff also asked damages for the use of additional land belonging to her, and that a private roadway over her land established by the defendants be closed. There was a judgment enjoining the defendants from taking coal from their lands through the land of the plaintiff, and denying the other relief asked. The defendants appeal.— *Affirmed.*

*J. C. Williams,* for appellants.

*Gleason & Preston,* for appellee.

Sherwin, J.— It is clearly apparent from the terms of the contract itself that no right was therein given the defendants to use the shaft or entry on the plaintiff's land for the purpose of mining their own land adjoining it. The last clause of the contract in particular expressly negatives such intention, for it provides for the removal of the buildings, roads, and shaft, and for the filling of the latter whenever the coal sold to the defendants shall be excavated, or they shall cease to operate and abandon the mine. The defend-

ants are bound by this contract, and have no greater rights than are therein given. *Peters v. Phillips,* 63 Iowa, 550; *Kraft v. Welch,* 112 Iowa, 695; *Madison v. Garfield Coal Co.,* 114 Iowa, 59; Barringer and Adams, *Mines and Mining,* pages 584, 586, 607; *Sholl v. German Coal Co.,* 139 Ill. 21 (28 N. E. Rep. 748); *Findley v. Armstrong,* 23 W. Va. 113. It is undoubtedly true that mineral underlying the surface of the ground is subject to absolute conveyance, and that one person may own the mineral and another the surface. *Lillibridge v. Lackawanna Coal Company,* 143 Pa. 293 (22 Atl. Rep. 1035, 13 L. R. A. 627, 24 Am. St. Rep. 544). And it may be conceded for the purposes of this case that the purchaser of the mineral may have the absolute right to use the space which he has created by taking the mineral therefrom, for such purposes as he may see fit, as was held in the Pennsylvania case, *supra.* But that case is not an authority for the defendants in the instant case, for there the coal taken through the way so created was taken to the surface through an opening in the company's own land.

The defendants herein sought to have the contract reformed so that it would express what they contended was the true agreement between them, but this the court refused. The decided weight of the evidence is against their contention, and a reformation of the contract was rightly denied.

As we have heretofore said, a part of the relief asked by the plaintiff was denied her, and of this complaint is made in argument. The record, however, fails to show that an appeal was taken by the plaintiff, and, such being the case, we have no jurisdiction to determine that branch of the case.

The judgment is therefore *affirmed.*