STIRN *et al. v.* NASH *et al.*

*(Supreme Court, Special Term, New York County.* September 17, 1890.)

TEMPORARY INJUNCTION—IRREPARABLE INJURY—DOUBTFUL RIGHTS.

A temporary injunction will not be granted to restrain defendants from maintaining a sign erected by them on premises leased from plaintiffs, where there is nothing in the lease which forbids defendants to maintain such sign, and it does not appear that to allow the sign to remain will cause irreparable injury to plaintiffs.

At chambers. Action by Carl P. Stirn and Amos M. Lyon against Charles W. Nash and George S. Brush. The cause of action is set out in the complaint, which is as follows: "The plaintiffs above named, for complaint herein, allege: (1) That they are copartners doing business in the city of New York under the firm name of Stirn & Lyon, and that the defendants are copartners engaged in business in the city of New York under the firm name of Nash & Brush. That the plaintiffs, as such copartners, are landlords of the defendants under an agreement in writing, by which the premises, to-wit. the first floor and basement and subcellar of the buildings known as '16 and 18 Park Place' in the city of New York have been rented by the plaintiffs to the defendants, and the defendants are now in occupancy of the said premises, carrying on the business of a restaurant. (2) That the plaintiffs are engaged in the business of importing, manufacturing, and merchandising toys, fancy goods, and other articles of merchandise at the premises 16, 18, and 20 Park Place. That the said plaintiffs occupy the upper portion of the premises 16 and 18 Park place, directly over the place occupied by the defendants in the prosecution of their said business, and also the first floor of the premises No. 20 Park Place, next adjoining on the west. (3) That at the street entrance on the easterly side of the premises No. 16 Park Place the plaintiffs have and had at the time of the leasing of the said premises to the defendants an elevator and stairway, through which their merchandise is carried and their premises approached. (4) That at all the times prior to and since the leasing of the said premises the said stairway and entrance have been used exclusively by the plaintiffs in the prosecution of their business, and that the sign of the plaintiffs' firm has been and is placed over the said entrance, and that the said sign is necessary for the information of those who could use the said entrance for the business of the plaintiffs. (5) That the defendants have, since the leasing of the said premises hereinbefore described, entered into the further occupancy of the premises next adjoining on the east, No. 14 Park Place, and that they intend to place a large sign of their business and names extending along the front of the premises 14, 16, and 18 Park Place, and directly in front of and concealing the sign of the plaintiffs over the aforesaid entrance to the stairway and elevator in the premises No. 16 Park Place. That the defendants have refused to construct their sign so as to leave the sign of the plaintiffs exposed, and that they are now actually at work placing the said sign in front of the entrance of the plaintiffs, and have told the plaintiffs that they would place the sign there notwithstanding the remonstrance and objection of the plaintiffs, and have actually erected a part thereof. That the existence of such a sign will seriously injure the plaintiffs in the prosecution of their business. That the damage resulting therefrom cannot adequately be ascertained, and that the continuance of the said sign would render the said entrance of very slight value to the plaintiffs. That the defendants have made a contract for the completion of the said structure for a sign in front of plaintiffs' sign. That they have threatened to break down the door at said entrance and the partition inclosing the same, and assert that the plaintiffs have no right to the said entrance; and defendants have placed in front of said entrance a boot-black, and in this and other ways assert the right to place the sign in front of the entrance, sign, and

premises belonging to the plaintiffs; by reason of which plaintiffs allege the intention to injure the plaintiffs as aforesaid. Wherefore plaintiffs demand judgment that the defendants be enjoined and restrained from erecting or maintaining a structure or sign in front of and obscuring the sign of the plaintiffs over and in front of the entrance to the premises 16 Park Place, where the stairway and hatchway of the plaintiffs is, and from interfering with the free use by plaintiffs of the entrance, stairway, and elevator of the premises No. 16 Park Place, New York, and for such further relief as may be proper, together with the costs of this action." Plaintiffs move for the continuance of a temporary injunction heretofore granted.

*Lockwood & Hill,* for plaintiffs. *J. H. Bird,* (*J. H. V. Arnold,* of counsel,) for defendants.

PATTERSON, J. The order in this case requires the defendants to show cause why they should not be enjoined and restrained from erecting or causing to be erected or maintaining a sign in front of the plaintiffs' sign over the premises No. 16 Park Place, in the city of New York. So far as the injunction may be construed as preventing the maintaining of a sign already erected, it was not proper as a preliminary order, and it was my intention only to grant a temporary restraint to prevent the putting up of a sign by the defendants until the parties could be fully heard as to their rights. It now appears from the answering affidavits that the defendants' sign was erected and put in position before the injunction order was served on the defendants, or they in any way had notice of it. I think it is quite clear that the work done the day after the service of the injunction order was not in connection with the defendants' sign, but, as shown in the affidavits, was in painting the building. The complaint in this action demands much more relief than restraining the putting up and maintaining of the sign, although the injunction only relates to the sign. This application is made for the exercise of the jurisdiction of a court of equity to restrain a trespass. There can be no doubt of the jurisdiction, nor that the court should exercise it in a proper case. As was said in *Johnson* v. *City of Rochester,* 13 Hun, 285: "Although the general rule is that an injunction will not be granted to restrain a mere trespass without special equitable features in the case, it is well settled that such equitable features exist when there is vexation from continued or repeated trespasses in the nature of a nuisance, or when the wrongful acts continued or threatened to be continued might become the foundation of adverse rights, and would occasion a multiplicity of suits to recover damages." But preliminary injunctions are not issued in cases of this kind, where the act complained of has been completed, unless it is clearly shown that the defendant has acted without any color of right, and that the continuance of the trespass will result in irreparable injury to the plaintiffs. The plaintiffs in this case are lessors and the defendants lessees, and there is nothing whatever in the lease which prevents the defendants from putting up a sign in front of the premises occupied by them; nor can I at present determine that the maintenance, pending the suit, of the sign, which they did put up before the injunction was served, will cause any particular injury or affect the plaintiffs' right, on the trial, to compel the taking down of that sign if the court shall determine the defendants have no right to keep it there. The case is too doubtful on this point to justify an order now that the sign be removed. It can be very well seen that, if the defendants should undertake to interfere with the free use of the plaintiffs to the entrance, stairway, and elevator of No. 16 Park Place, a case might be presented requiring the issuance of an injunction *pendente lite;* but, as respects the sign merely, I think the facts do not justify the continuance of the restraint, and that the injunction should be dissolved, with $10 costs, to abide the event of the action.