(51 Misc. Rep. 657)

UNITED STATES TRUST CO. v. BAKER et al.

(Supreme Court, Special Term, New York County. July, 1906.)

1. WILLS—CONSTRUCTION—CONTINGENT GIFTS.

A testator gave a specified sum in trust, to pay the interest thereof to his son during his life and at his death to his children, and gave the residue of his estate to his sister. *Held*, that the gift to the son's children was contingent, and survivorship at the time of the distribution was a condition to the acquisition of the gift, and, on the son's children predeceasing him, the gift must go to the residuary legatee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1460–1487.]

2. CANCELLATION OF INSTRUMENTS—ASSIGNMENT OF INTEREST IN ESTATE—FRAUD—MISTAKE.

Evidence examined. and *held* to warrant a finding that a residuary legatee, through imposition and mistake, assigned her rights in the estate, authorizing the setting aside of the assignment.

Action by the United States Trust Company against Lucinda Baker and others for the judicial settlement of the accounts of plaintiff as trustee under the trust created by the will of Eliza Schneider, deceased. Judgment of settlement entered.

E. W. Sheldon, for plaintiff.
Dexter, Osborne & Fleming, for defendants.

McCALL, J. This action by the plaintiff to secure the judicial settlement of accounts as trustee under the trust created by the will of Eliza Schneider, deceased, and to secure (because of certain contingencies that have arisen between different claimants) a direction of the court as to the distribution of the corpus of the trust estate. The testatrix, Eliza Schneider, died on April 24, 1896, and her will was admitted to probate in this county on the 22d day of December, 1896. By the terms of the third paragraph thereof it was directed that a sum of $15,000 be paid to this plaintiff, for it to invest and pay to several beneficiaries named the interest earned on certain specific portions thereof. That portion of the same with which we are concerned in this litigation is found in the third subdivision of said third paragraph of the will, and reads as follows:

"(3) To my son James Henry Schneider the interest upon the sum of five thousand dollars during his lifetime, and at his death to pay to his children or to the survivor or survivors of them the sum of five thousand dollars."

James Henry Schneider was married twice. As a result of the first marriage one child was born, Lillian Rock Schneider. The issue of the second marriage was but one child, Harold Rock Schneider. Their father, James Henry Schneider, died on the 10th day of August, 1904, and both of said children predeceased him; Lillian having departed this life on the 27th day of November, 1897, and Harold on the 11th day of June, 1902. The son, Harold, died in infancy, unmarried and intestate, and his mother, Frederica Veser Schneider, was appointed administratrix of his estate, and in such representative capacity is a claimant for the fund by this litigation sought to be distributed. The daughter, Lillian, grew to womanhood, married Charles Heizman, and bore a child, which lived but a few days. After Lillian's death her husband remarried, and thereafter died, leaving, him surviving, his widow, Abagail Prey Heizman, and one child, Emily Abagail Heizman. They are claimants of a share of the fund in question as the representatives of Lillian Schneider.

The will of the testatrix contained a residuary clause as follows:

"VI. I, hereby give, devise and bequeath the rest, residue and remainder of my estate not hereinbefore specifically devised or bequeathed of which I may be the owner or in which I may have at the time of my death any interest, right or title either legal or equitable, and whether such estate be real, personal or mixed, and wheresoever situate, to my said sister, Mrs. Lucinda Baker, to her use absolutely and forever."

The first question to be determined herein is: Were the interests in remainder of the children of James Henry Schneider in this fund absolutely vested, or were they subjected to be divested by their predeceasing their father? In the foregoing quoted third clause of the third paragraph of the testatrix's will no words of direct gift either to life beneficiary or to his children are found, but merely a direction at a certain time in the future to pay or distribute the fund to a class, and such a gift is designed to be contingent; and survivorship at the time of the distribution is an essential condition to the acquisition of the gift. Matter of Baer, 147 N. Y. 348, 41 N. E. 702. Reaching this conclusion, and it being proved and conceded that the only children born to James Henry Schneider predeceased him, the fund must go to the residuary legatee, Lucinda Baker, unless by legal and valid assignment, not secured by imposition and mistake, the title to the same has passed to Dorothy Veser Schneider.

This brings us to the really serious question revealed by this record. It appears that considerable mystery attended the family relations of James Henry Schneider, arising out of his first marriage, and ultimately a decree of divorce dissolved that contract. As to the child Lillian, the issue of said marriage, aside from the fact of her birth, but little seems to have been known by any of the Schneider family, and it seems to have been a mooted question in the family councils, at the time of the execution of the assignment hereafter referred to, whether she was alive or dead. By James Henry Schneider's second marriage, as before stated, but one child was born, and he died in

infancy.   When James Henry Schneider fell ill, and it became apparent he could not survive, the question of the ultimate disposition of the corpus of this trust fund became a matter of serious consideration between Frederica Schneider and her husband.   Counsel was consulted by members of the family.   There would be no surviving issue of the second marriage, and some dubiety existed as to whether Lillian, the child of the first marriage, was alive.   In any event Frederica Schneider could not benefit; for, if Lillian lived, she would take, and, were she dead, Mrs. Baker would become the beneficiary.   So some course had to be adopted to divert or deflect the course that fund should take, so that Frederica might be helped.   First the legal adoption of a child by James Henry and Frederica was the plan adopted and carried to completion, and Dorothy Veser, a child of the sister of Frederica, became the adopted child of James Henry Schneider and Frederica, his wife.   It is passing strange that just at this point, when discussion was being carried on by the members of Frederica's family, as to the possibility of losing this $5,000, and attorneys had been consulted in reference thereto, and when, as revealed by the record, unless defeated by some overt act of her own, the $5,000 was bound to come to Mrs. Baker, the broken thread of family relations between Frederica and her husband and his aunt, Mrs. Baker, should be so suddenly resumed on Frederica's initiative, and that Aunt Baker's consent be deemed vital to the adoption of Dorothy.   But just such steps are taken, and Mrs. Baker is induced to sign a paper, confused by the project of adoption and entirely mistaken as to its purport, and which turns out to be an absolute transfer of her right to the fund to Frederica Schneider.

Of one fact in this case we are positively assured:   Mrs. Baker, when she signed this paper, was not aware of Lillian's death, or that at the time she signed the same she (Mrs. Baker) would, upon the death of James Henry Schneider, be entitled to the $5,000.   She was laboring under the disability of practically total blindness, and she believed she was signing a paper or a mere consent that would aid James and Frederica in legally adopting Dorothy, and she never knew or believed that she was transferring by assignment her rights to the fund.   She never was paid, nor did she ever receive, consideration of any kind therefor.   I am not overlooking the fact of her calling at her attorney's office before signing; but there is nothing in that incident to warrant a change of conclusions.   The whole history of the transaction is forbidding in its details, beginning with the time when only the alertness of counsel for the trust company kept the fund intact for its rightful owner, down to the moment this assignment was procured.   And the conclusion is irresistible that, without the slightest intention of divesting herself of any rights to this fund, probably in fact not knowing or believing that she would become entitled to the same, but thinking that she was merely aiding in consummating the adoption of Dorothy, through mistake and error she executed this paper, which transferred her rights, and from the effect of that error she seeks relief, and her prayer should be heard.

Judgment accordingly.