## BROWN v. BROADWAY & SEVENTY–SECOND ST. REALTY CO.

(Supreme Court, Appellate Division, First Department. April 23, 1909.)

1. LANDLORD AND TENANT (§ 152*)—LEASES—CONSTRUCTION—"ALTERATION AND CHANGE."

A lease provided that the lessee should make certain alterations in the building, consisting of an addition thereto, the putting in of store fronts, and other changes for the purpose of converting the upper part into bachelor apartments, and that all other alterations and changes should be made by the lessee subject to the landlord's approval. *Held*, that a sign constructed on the roof of the building was not an "alteration and change" in the building within either of the provisions of the lease, as it did not change the nature or character of the building, but was merely a use to which the outside of the building could be applied.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 152.*]

2. LANDLORD AND TENANT (§ 134*)—LEASES—RIGHT OF TENANT.

In the absence of an express covenant in a lease restricting the tenant in his use of the property, he may use it in any way consistent with the purpose for which it was erected.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 482–486; Dec. Dig. § 134.*]

3. LANDLORD AND TENANT (§ 55*)—USE OF PREMISES—WASTE.

The use of the roof of a leased building by the tenant for advertising purposes would not be a waste as between the landlord and tenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 136–150; Dec. Dig. § 55.*]

Submission of controversy between Davis S. Brown and the Broadway & Seventy-Second Street Realty Company upon an agreed statement of facts under Code Civ. Proc. § 1279. Judgment ordered for defendant.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Benjamin G. Paskus, for plaintiff.

Paul M. Herzog, for defendant.

INGRAHAM, J. It appeared from the statement herein submitted that the plaintiff is the owner of certain real property located on the southwest corner of Seventy-Second street and Amsterdam avenue; that on November 10, 1900, he leased the premises to a corporation known as the Import Cigar Company for a term of 20 years and 11 months from the 1st of June, 1907; that subsequently the lessee assigned this lease to one Solomon, who on June 29, 1907, assigned the lease to the defendant. This lease requires the lessee to pay the rent, which was from $9,000 to $12,000 a year, and all taxes and assessments upon the property, and the tenant covenanted to make all repairs on the property during the term. It was also provided that the lessee, after the signing of the lease, was to make certain alterations in the building at its own expense. All alterations or changes, except those specified in the lease, were to be made at the expense of the defendants and subject to the approval of the plaintiffs; and all alterations and changes were to be made subject to the rules and regulations

of the municipal authorities of the city of New York, the tenant to be responsible for any and all damages to the building caused by making the alterations or changes. After the defendant became the owner of the lease, it made the alterations and changes therein contemplated, and in addition erected upon the roof of the building a sign, which was used for advertising purposes. This sign extends across the building on Seventy-Second street, distant 30 feet, and on the Amsterdam avenue side of the building distant 60 feet, and is 10 feet in height. These, with other signs erected upon other parts of the building, were constructed of sheet iron, wood, and metal, and are firmly bolted and clamped to the roof and various portions of the outer wall and cornice of said building with steel rods and bolts; but they can be removed without injury to the building. These signs were erected under a permit of the proper municipal authorities. The plaintiff claims that the defendant should be enjoined from maintaining these signs, and the defendant claims that it is entitled to use the premises in any way not expressly prohibited by the lease.

There is nothing in this lease that applies to the use of signs upon the leasehold premises. It is quite clear that the erection of this sign upon the building is not an "alteration and change" of the building allowed by the provisions of the lease; and neither can it be said to be an alteration or change of the building to which the plaintiff must assent. . The nature of the inprovements which were to be made by the tenant consisted of an addition to the building upon a portion of the lot not covered by the existing building, the putting in of store fronts, and minor changes in the upper part of the building; and in the submission it is stated that these changes in the upper part of the building were for the purpose of converting the same into bachelor apartments. These all related to structural changes in the building itself, and, when an alteration or change in a building is spoken of, the usual meaning of the phrase is such alteration of the structure itself, as distinct from mere additions to the outside of the building, or mere additions to the building itself, which have no relation to its structure and make no change in its character. Changing an apartment or residential building to a store building, where the addition would be the taking out of the front and putting in a store front, would be in its nature a structural change, which would essentially change the character of the structure upon the property; but merely putting upon the roof a sign, whether for the benefit of the tenant in the building or for others, would not be a change in the nature or character of the building itself, but would be merely a use to which the outside of the building could be applied. The language used in the lease shows what the parties had in contemplation when they used the words "alteration or change in the building." So long as any use to which the tenant put the building did not in any way change or alter it, it does not seem that this clause of the lease applies. It is quite clear that the lessee of this property has the right to use the property in any way consistent with the purpose for which it was erected and not restricted by the lease. If the landlord wishes to restrict the tenant in his use of the property, he must depend upon an express covenant in the lease preventing a use to which he objects.

The plaintiff seems to base his claim for an injunction upon the fact that there is nothing in the lease that authorizes such a change; but, to entitle him to judgment, he must go a step beyond, and show that in the lease there is a covenant which prevents or restricts the defendants in the use of this roof or building. In Andrews v. Day Button Co., 132 N. Y. 384, 30 N. E. 831, the effect of the covenant that he would not make any alterations in the premises without the consent of the landlord was held to be a mere affirmation of the common-law rule that a tenant could not commit waste, and it would be quite clear that, in the absence of any covenant, the use of the roof for advertising purposes would not be a waste as between the landlord and tenant. The danger of a liability of the defendant for a failure to safely maintain this structure so that it would not injure any one in the street is fanciful. There is no fact set forth in the submission from which the conclusion could be drawn that the signs were so constructed that there was any possible danger of their falling or injuring any one in the street; but, as there is no covenant in this lease that restricts the tenants as to the use to which he can put the premises, it follows that the plaintiff is not entitled to an injunction restricting the use of the premises, and the defendant is entitled to judgment.

Judgment ordered for defendant. All concur.