ALFRED PEATS CO. v. BRADLEY et al.    (No. 6722.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

1. LANDLORD AND TENANT (§ 122*)—USE OF PREMISES—ROOF.
    A lessee of a store and basement, which occupied only part of a one-story building, is not entitled to the possession and control of the roof over his store, which was accessible only from the common hallway in the building, as against a lessee of the roof under a prior lease of which the lessee of the store had no notice.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 435; Dec. Dig. § 122.*]

2. LANDLORD AND TENANT (§ 150*)—REPAIRS—COMMON USE.
    The rule that, in the absence of any provision in the lease, the tenant is required to make repairs, does not apply to repairs to the halls, stairways, or elevator, which are used in common by several tenants, or to the roof which is their common protection.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 536, 538, 544–548, 555, 556; Dec. Dig. § 150.*]

3. INJUNCTION (§ 195*)—INCIDENTAL RELIEF—DAMAGES.
    A plaintiff, who asks for an injunction and incidental damages, but who is shown not to have been entitled to an injunction at the beginning of the action, cannot recover the damages, since the right to such recovery in equity without a jury trial is incidental to the right to equitable relief.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 415; Dec. Dig. § 195.*]

Appeal from Special Term, New York County.

Action by the Alfred Peats Company against Frank Bradley and another.    Judgment for the plaintiff (149 N. Y. Supp. 613), and defendants separately appeal.    Judgment reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Frederick L. C. Keating, of New York City, for appellant Bradley.

Charles O. Maas, of New York City, for appellant Van Beuren & New York Billposting Co.

Henry B. Gayley, of New York City, for respondent.

McLAUGHLIN, J.    The defendant Bradley is the owner of a one-story building in the city of New York, designed for business purposes only, which has a frontage of approximately 225 feet on Seventy-Fifth street and 50 feet on Broadway and Amsterdam avenue, respectively.    In April, 1912, the building then being in process of construction, Bradley leased its entire roof, when completed, for a term of five years to the Billposting Company for advertising purposes.    The lease was not recorded.    Some time thereafter, and before the Billposting Company had made any use of the roof, Bradley leased a portion of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

building to the plaintiff, the lease reciting the demise "of the store and basement known by the street numbers as 2132 and 2134 Broadway * * * for a term of four years commencing on the first day of February, 1913, * * * to be used and occupied as a salesroom and showroom for the Alfred Peats Company in connection with their business as dealers in all kinds of wall papers." This lease was executed by the plaintiff without knowledge of the lease of the roof to the Billposting Company, or that at that time the roof was equipped with anchor rods for advertising purposes. In November, 1913, the Billposting Company began the erection of a sign on the roof of that part of the building occupied by the plaintiff. Thereupon plaintiff brought this action in equity to enjoin defendants, during the term of its lease, from erecting such structure, for the removal of so much of the sign as had been erected, and for damages. It had a judgment for the relief asked, from which the defendants separately appeal.

[1] The question presented by the appeal is whether that part of the roof which is over the premises occupied by the plaintiff is included in its lease and forms a part of the demised premises. If so, the erection and maintenance of the sign of which plaintiff complains constitutes a continuing trespass, and entitles plaintiff to the injunctive relief which it has obtained. The plaintiff is but one of five tenants who occupy the building. They are all sheltered by a single continuous roof. There is no means of access to the roof from plaintiff's store, or from any of the other stores in the building. Access to it is possible only by a ladder from a hallway in the center of the building. The hallway is in the exclusive control of the landlord. The lease does not, in terms, refer to the roof or any part of it; the demised premises being described merely as "the store and basement."

[2] Nor does it contain any provision as to whether the repairs to the roof are to be made by the landlord or tenant. When a lease is thus silent, the general rule is that the obligation to make repairs rests upon the tenant. Witty v. Matthews, 52 N. Y. 512. This rule, however, is subject to an exception that when a number of tenants use in common the halls, stairways, or elevators of a building, or are protected by a common roof, the duty to keep the same in repair devolves upon the landlord. Rauth v. Davenport, 60 Hun, 70, 14 N. Y. Supp. 69; Alperin v. Earle, 55 App. Div. 211, 8 N. Y. Supp. 51; Levy v. Roosevelt, 131 App. Div. 8, 115 N. Y. Supp. 475; MacNair v. Ames, 29 R. I. 45, 68 Atl. 950, 16 Ann. Cas. 1208; 24 Cyc. 1084, and authorities cited. While recognizing this general exception to the rule, the learned judge at Special Term was of the opinion that that part of the roof covering the store and basement occupied by the plaintiff was exclusively designed for the benefit of that store and basement, and there was, therefore, no valid reason for absolving the plaintiff from its common-law obligation to keep the same in repair; and, being under that obligation, it had the exclusive right to the possession and control, with which the defendants were interfering by the erection of the sign. But this part of the roof is not for the sole benefit of the plaintiff, any more than the balance of the roof is for the sole benefit of the other tenants. The entire roof exists for the common benefit of all the tenants, and in the

absence of an agreement to the contrary the landlord is obligated to keep the same in repair for them. The plaintiff, prior to the commencement of this action, claimed such obligation rested upon the landlord, by calling upon him to repair the roof. While such claim may not have determined the legal rights of the parties, it is referred to only for the purpose of showing the construction which plaintiff itself put upon the lease at that time. Not only this, but the basement leased by plaintiff covers more space than the store. Plaintiff's lease contains a restriction:

"That the tenant shall not expose any sign, advertisement, illumination, or projection in or out of the windows or exterior or from the said building or upon it in any place, except. * * * "

This provision was for the benefit of the landlord, and not, as contended by the respondent, as a recognition of plaintiff's right to the control of the roof. It is against, and not in favor of, such contention.

[3] The judgment appealed from, besides granting the injunctive relief referred to, awarded plaintiff $85 damages for injuries to the ceiling of the store, caused by water leaking from the roof. The only evidence offered to establish such damage was the testimony of an interior decorator, who *estimated that it would cost that amount to repair the ceiling*. The same witness, however, testified that the settling of a new building was very likely to cause ceilings of plaster, as this was, to crack, and there is nothing to indicate that the injury to the ceiling, or some part of it, was not caused by the settling of the building. But, assuming that it was caused entirely by water leaking from the roof, and that one or both of the defendants were liable therefor, such damages could not be recovered in this action, since the plaintiff had failed to establish his right to any equitable relief. The award of damages in an equitable action is an incident to the enforcement of the equitable rights, but cannot, of itself, sustain a judgment in such action, where the plaintiff was not entitled to any equitable relief at the time the action was commenced; in other words, a party cannot deprive his adversary of a trial by jury in an action at law, by alleging in connection with such damage that he is also entitled to equitable relief which never, in fact, existed.

The judgment appealed from, therefore, is reversed, and the complaint dismissed, with costs to the appellants; the order, findings, and judgment to be entered to be settled on notice. All concur.