STAHL & JAEGER, Appellant, *v.* LOUIS SATENSTEIN, Individually and Trading under the Firm Name of AMERICAN BOOK BINDERY, Respondent, Impleaded with Another.

**Landlord and tenant — lease — right of lessor to exclude signs of others from walls inclosing leased premises.**

A lease of an " entire floor " carries with it the appurtenant right to exclude signs, advertising the business of persons other than the tenant, from those parts of the walls which form the inclosure of the floor. The fact that the lessor covenanted that it would not itself install a sign without the license of the landlord does not affect his right to exclude signs of others. That the offending signs, though at the level of the plaintiff's loft, are placed at points where the walls, if opened, would expose the elevators, staircases and fire towers maintained for common use does not change this conclusion. The common ways were impliedly reserved by the landlord to the extent necessary for their maintenance as ways and nothing else. The reservation did not justify the misbranding of the walls.

· *Stahl & Jaeger* v. *Satenstein*, 194 App. Div. 228, reversed.

(Submitted February 1, 1922; decided April 18, 1922.)

APPEAL from a judgment, entered December 23, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint.

*Thomas F. Dougherty* and *Donald C. Muhleman* for appellant. The outer walls of the premises occupied by the plaintiff were not reserved to the landlord under the lease of May 14, 1915, and were, therefore, included in the premises let to plaintiff. (*Baldwin* v. *Morgan,* 43 Hun, 355; *City of New York* v. *I. R. T. Co.,* 125 App. Div. 437; 194 N. Y. 528; *Snyder* v. *Kulish,* 144 N. W. Rep. 306; McAdam on Landl. & Ten. [4th ed.] 1521;

Notes to L. R. A., 1915-B-1057; *Lowell* v. *Strahan*, 145 Mass. 1; *Salinger* v. *North American Woolen Mills*, 73 S. E. Rep. 312; Jones on Landl. & Ten. § 108; Underhill on Landl. & Ten. § 277.)

*Frederick Hemley* and *Joseph Fischer* for respondent. The outer sides of the walls inclosing the plaintiff's loft were not included in the demise to plaintiff, and it is not entitled to restrain the display of signs thereon. (*Baldwin* v. *Morgan*, 43 Hun, 355; *Lowell* v. *Strahan*, 145 Mass. 1; *Bagley* v. *Rose*, 110 Mo. App. 344; *Riddle* v. *Littlefield*, 53 N. H. 503; *Tallman* v. *Murphy*, 120 N. Y. 345; *Peil* v. *Reinhart*, 127 N. Y. 381; *Dollard* v. *Roberts*, 130 N. Y. 269; *Leonard* v. *Gunther*, 47 App. Div. 194; *Harris* v. *Boardman*, 68 App. Div. 436; *Levine* v. *Baldwin*, 87 App. Div. 150.)

CARDOZO, J.    The plaintiff is the tenant of " the entire 13th loft or 14th floor " in the building Nos. 406 to 426 West Thirty-first street, in the city of New York.    The defendant Satenstein, trading as the American Book Bindery, is the tenant of lower floors in the same building. In May, 1919, with the approval of his landlord, he painted large signs on the easterly and westerly walls of the thirteenth and fourteenth floors.    The plaintiff complains of these signs as an infringement of its rights.    The suit is brought for their removal.

A lease of an " entire floor " must carry with it the appurtenant right to exclude signs, advertising the business of persons other than the tenant, from those parts of the walls which form the inclosure of the floor. Some cases hold that the outer face of the wall is equally with the inner face a part of the premises demised (*Baldwin* v. *Morgan*, 43 Hun, 355; *Riddel* v. *Littlefield*, 53 N. H. 503; *Lowell* v. *Strahan*, 145 Mass. 1; *Snyder* v. *Kulesh*, 163 Ia. 748; *Forbes* v. *Gorman*, 159 Mich. 291; *Hope Bros.* v. *Cowan*, 1913, 2 Ch. 312).    To decide the case at hand,

we do not need to go so far. At least, the tenant will be protected against the misbranding of the business conducted in the space within. The plaintiff did, indeed, covenant that it would not itself install a sign without the license of the landlord. Limitation of use by one was not an enlargement of use by others. The defendant would have us hold that, without redress, the space occupied by a lawyer may be advertised by signs as devoted to the promotion of a gold mine, and an institute of learning as a wareroom for a proprietary medicine. We are unwilling to believe that the tenant is so helpless.

The point is made that the plaintiff is chargeable with notice of the defendant's lease, which was recorded. The only right thereby secured was to place signs on the lower third of the upper eighty feet of the side walls of the building. This third does not include the space in question.

The point is made also that the offending signs, though at the level of the plaintiff's loft, are placed at points where the walls, if opened, would expose the elevators, staircases and fire towers maintained for common use. The argument has doubtful support in the facts, as an inspection of the plans and photographs will show. If the facts, however, be assumed, the conclusion is not changed. The plaintiff was lessee of " the entire " loft or floor. The common ways were impliedly reserved by the landlord to the extent necessary for their maintenance as ways and nothing else. The reservation did not justify the misbranding of the walls.

The judgment of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., dissents.

Judgment accordingly.