EDWARD L. SCHMIDT and ROSE A. KING, as Trustees of the Estate of THERESA STEFFAN, Deceased, Plaintiffs, *v.* LOUIS, INC., Defendant.

Supreme Court, Erie County, January, 1924.

Landlord and tenant — lease — use of roof of building for general advertising signboard not connected with lessee's business — right of lessors to exclude signboard under restrictive covenant of lease — what does not constitute a waiver of lessor's rights — declaratory judgment for lessors.

The lease of a building carries with it the right to exclude from the outer face of the exterior walls of the demised premises signs advertising the business of persons other than the tenant.

A ten-year lease containing no provision against subletting provided in definite terms that the premises were let " for use only as a store, place of business, dwelling or light manufacturing," and in a later paragraph of the lease, " It is expressly agreed " that if the lessee or his assigns " shall use said premises, or any part thereof, for any purpose other than a store, place of business, dwelling or light manufacturing " unless such use is stopped within ten days after receipt of notice to cease, from the lessors, the lessors may terminate the lease. *Held*, that the use of the roof for the erection, maintenance and use of a signboard for general advertising in nowise relating to any business conducted on or in

connection with the premises was in conflict with the restrictive covenant of the lease and a violation thereof.

In an action under section 473 of the Civil Practice Act brought pursuant to stipulation of the parties to procure a declaratory judgment adjudging the right of the defendant under the lease to grant to an advertising company the privilege to erect, maintain and use such a signboard upon the roof of the demised premises, it appeared that the owner of the adjoining premises served a notice upon one of the plaintiffs to the effect that the signboard in question projected over such adjoining premises and requiring the removal of the projecting portion. *Held,* that the transmission of said notice to defendant with direction to comply therewith or the lease would be canceled did not amount to a waiver of the lessor's right to insist that the erection and maintenance of the sign broke the restrictive covenant of the lease.

The projection was a trespass which it was the duty of the defendant and his licensee of the privilege to erect the signboard to remove, and that said licensee complied with the notice by cutting off the projecting part of the signboard did not effect a waiver of the lessor's rights.

Even did the notice constitute such a waiver the stipulation under which the action was brought was a waiver, by defendant, of such waiver.

ACTION under section 473 of the Civil Practice Act to procure a judgment declaring the rights of the parties under a lease.

*Stephen V. O'Gorman,* for Edward L. Schmidt, trustee.

*Botsford, Lytle, Mitchell & Albro (Roscoe R. Mitchell and Peter A. Schultz,* of counsel), for Rose A. King.

*Goldring & Sherman (Philip A. Laing,* of counsel), for defendant.

NORTON, J. This action is brought, pursuant to a stipulation of the parties, to procure a declaratory judgment adjudicating the right, under a lease of the entire premises, of the defendant to sublet or grant the privilege, to a company engaged in the business of general advertising, to erect, maintain and use a signboard upon the roof of the demised premises, for general advertising purposes, in nowise connected with or relating to any business carried on in connection with said premises.

As to the facts the parties are in substantial accord.

The lease, dated March 14, 1919, let to one Louis Meyers, " those certain premises situated in said City of Buffalo, * * * be ng the four-story brick building known as No. 535, situated on the east side of Main Street, * * * for the term of ten years, to commence on the 1st day of May, 1919 * * * for use only as a store, place of business, dwelling or light manufacturing conducted in compliance with the Charter and Ordinances of the City of Buffalo, and the Laws of the State of New York."

In addition to the above-quoted restriction, as to the use of the premises, the lease provides for the termination thereof, for the lessee's, or his assign's, persistent violation of its provisions

as to the use of the premises, in the following language: " It is expressly agreed, that if the said party of the second part, (or) his * * * assigns shall use said premises, or any part thereof, for any purpose other than a store, place of business, dwelling or light manufacturing not in compl'ance with the Charter and Ordinances of the City of Buffalo, and the Laws of the State of New York, appertaining thereto, or use or permit it to be used, any part or the whole of said premises, for any unlawful or illegal purpose whatever, * * * the said parties of the first part, after ten days written notice to the party of the second part to cease such violation and his failure to do so, shall have the right, at their election, to terminate this lease."

There is no provision against subletting in the lease, and the lessee, prior to March, 1921, assigned the lease or sublet the entire premises to the defendant for the balance of the term.

The defendant, in March, 1921, without obtaining the consent of the lessors, by a so-called " space-contract " sold the exclusive right and priv lege to erect and maintain " advertising signboards upon the roof " of the demised building, to a company engaged in the business of erecting and maintaining signboards and using them in its general advertising business, for the term of six years from May first following, there being no limitation contained in said contract as to shape, size, weight, method of construction or attachment to the building of the signs, nor as to the character of the advertising matter to be displayed thereon.

Under such contract said company erected and maintains a galvanized iron signboard, thirty feet high and thirty-five feet long, upon a substantial steel framework securely attached to the roof and anchored in the walls of the building, weighing in all nearly six tons, and uses it for general advertising, which is not related to nor connected with any other use made of said premises. Such signboard was erected under a permit from the municipal authorities and has been approved by the board of fire underwriters.

Plaintiffs contend that the erection, the maintenance and the use of such signboard violates the lease.

Upon the general question as to whether a lessee of a building, under a lease containing no restrictions as to the use of the roof for advertising purposes, has the right to grant the privilege to erect and maintain signboards thereon for general advertising purposes there is a definite clash between the authorities.

In *O. J. Gude Co.* v. *Farley*, 28 Misc. Rep. 184, the Appellate Term of the Supreme Court holds in positive terms that a lessee has no such right; that the roof was erected and intended for the purpose of shelter and protection, and that there was an implied

agreement on the part of the lessee that it would be used for such purposes only, while the Appellate Division, first department, in the case of *Brown* v. *Broadway & 72nd St. Realty Co.*, 131 App. Div. 780, holds that the lessee has the right to use demised property in any manner consistent with the purpose for which it was erected and not restricted by the terms of the lease, specifically holding that the use of signboards upon the roof ten feet high and aggregating ninety feet in length, there being nothing in the lease that applied to the use of signs upon the leasehold premises, was warranted. The court does not cite the case of *O. J. Gude Co.* v. *Farley, supra*, nor in any way refer to the principle therein announced as the law. There is no way to reconcile the two authorities. One or the other is in error as to the principle involved. I am of the opinion that the rule adopted and applied in the *Brown Case, supra*, is sustained by the general rule that a lessee of real property is entitled to the exclusive use of the demised premises for any purpose, not prohibited by law or the terms of the lease, which does not amount to waste or destruction of the property, and also by the weight of authorities which apply that rule to somewhat similar situations (*Baldwin* v. *Morgan*, 43 Hun, 355; *City of New York* v. *Int. R. T. Co.*, 125 App. Div. 437–443; affd., 194 N. Y. 528; *Andrews* v. *Day Button Co.*, 132 id. 348, 352, 353; *Stirn* v. *Nash*, 12 N. Y. Supp. 431), and notwithstanding the Court of Appeals in the case of *Stahl & Jaeger* v. *Satenstein*, 233 N. Y. 196, states it is not necessary for the determination of that case to go to the length of holding that a tenant has full control of the outer surface of the exterior walls of his demised premises, by its holding that limitation of use by the tenant was not an enlargement of use by the landlord, and that while the tenant did covenant that it would not itself install a sign on the outer surface of the exterior walls without the landlord's consent, it still could restrain use thereof by the landlord, or his licensee, for signs misbranding the business conducted by the tenant in the demised premises, settles the law that a lease of a building carries with it the appurtenant right to exclude signs advertising the business of persons other than the tenant from the outer face of the exterior walls of the demised premises.

The case of *Peats Co.* v. *Bradley*, 166 App. Div. 267, illustrates on what very slight circumstances may depend the determination as to the respective rights of landlord and tenant to the use of the roof of demised premises for advertising signboard purposes. In that case the court cites the facts that the tenant has no direct access to the roof, and that it is the duty of the landlord to keep the roof in repair, as decisive factors in

arriving at the conclusion that the landlord, and not the tenant, has the right to so use the roof, holding that the controlling factor is, is the roof included in the demised premises; if so the tenant is entitled to use it in any legal manner not restricted by the terms of the lease that does not constitute waste; if not, the landlord has retained it, and himself may so use it or grant such use to others.

As to exterior walls, however, the law as stated in the *Peats Case, supra,* is modified by the decision in *Stahl & Jaeger* v. *Satenstein, supra,* that the tenant, although himself restricted by the terms of his lease from use of such walls, is still entitled, in the absence of reservation in the lease, to restrain their use by the landlord for advertising signs.

So that were there no restrictions in the lease as to the use of the premises in question, I should hold that the defendant, having leased the whole premises, the roof as well as all other parts thereof, had the right to itself use the roof, or to sublet its use for the erection and maintenance of the sign in question, in the absence of evidence that such use injured or damaged the building to an extent sufficient to constitute waste.

But the lease in definite terms provides that the premises are let " for use *only* as a store, place of business, dwelling or light manufacturing," and in a later paragraph of the lease, " It is expressly agreed " that if the lessee or his assigns " shall use said premises, *or any part thereof, for any purpose other* than a store, place of business, dwelling or light manufacturing " unless such use is stopped within ten days after receipt of notice to cease, from the lessors, the lessors may terminate the lease.

It is obvious that the uses to which the demised premises may be put were by the lessors intended to be and are restricted by the provisions of the lease above quoted.

That the words " for use only as a store   *   *   *   dwelling, or light manufacturing," standing alone, exclude the right to use or sublet the roof for advertising signboard purposes is patent, and defendant does not argue to the contrary; but defendant urges strenuously that the phrase " place of business " in that paragraph is extensive enough in meaning and application to give the right to defendant to grant the privilege in question, basing such claim on the definition of the word " business," and not on the meaning of the phrase " place of business."

But the premises are leased for use " only " as a " place of business " and not " only " for " business " purposes, as defendant argues. In arriving at the meaning of that restrictive provision the words " place of " cannot be discarded but must be given their meaning and effect equally with the word " business " to

which they relate and which they modify; particularly is that true as the premises involved consist of a building only, which was and is adapted to and was and is used as a " place of business " situated at the very center of the business part of the city, on the chief business street.

Further, to give the meaning to that phrase that defendant urges would require in substance dropping said phrase " place of business " and the substitution of the phrase " for business purposes " instead. There is no warrant for such substitution of words or change of meaning.

Neither is defendant's claim that the meaning of the forfeiture clause is " that the use of the premises, in order to subject the tenant to the penalty of termination of the lease, must be in violation of the charter, ordinances or the laws," the natural one to make from the words used and the manner of their use. If that were the meaning intended by the parties, the lease would have been worded so as to read, " if party of second part or his assigns shall use said premises for any purpose not in compliance with," etc.

I am of the opinion that the use of the premises complained of by the plaintiff is in conflict with the restrictive provisions of the lease; that the use of the roof for the erection and maintenance and use of said signboard for general advertising, not relating to any business conducted on the premises is a violation of the lease.

It is a well-established rule that a lessor may by covenants in the lease restrict the use of the demised premises as he pleases. " The owner of land selling or leasing it may insist on just such conditions as he pleases touching the use and mode of enjoyment of the land. He has the right to define the injury for himself and a party contracting with him must abide the definition. This is the language of *Steward* v. *Winters*, 4 Sandf. Ch. 587, 590." *Round Lake Assn.* v. *Kellogg*, 47 N. Y. St. Repr. 668–675; affd., 141 N. Y. 348; *DeForest* v. *Byrne*, 1 Hilt. 43; *Gillian* v. *Norton*, 33 How. Pr. 373; *Chautauqua Assembly* v. *Alling*, 46 Hun, 582; *Weil* v. *Abrahams*, 53 App. Div. 313; *Bartholdi Realty Co.* v. *Robard Realty Co.*, 156 id. 528. " If the lessee covenant to use the demised premises only for the regular dry goods jobbing business it is a violation to sell by auction which will be restrained by injunction." *Steward* v. *Winters, supra.*

In the case of *Weil* v. *Abrahams, supra*, the court dismissed the lessee's contention that auctioning off goods was merely incidental to the oil cloth or dry goods business, as unfounded, and held that sale by auction of oil cloths and of dry goods, in a store, violated the restrictive provision of a lease thereof, which

read, " to be used and occupied as an oil cloth store and dry goods store."

In the instant case there is not only no claim that the signboard or its use is incidental to any other use of the demised premises under the lease, but it is established by the evidence that the signboard and its use are entirely dissociated from any other use of said premises.

Again, the court, in said case of *Weil* v. *Abrahams, supra,* 315, states the law in the following language: " Where the lessee covenants for a particular use of demised premises, equity will restrict him to that use, without any irreparable or even substantial injury being shown from a breach of the covenant."

If the lessee did not wish to be bound by the restrictive covenant he should have refused to make the lease; having signed the lease, and taken possession of the demised premises thereunder, the restrictive covenant is as much a part of his contract as any other covenant therein contained and is equally binding.

The transmission by one of the plaintiff trustees of the notice served on him by the owner of the premises adjoining the demised premises, to the effect that the ·signboard in question herein projected over such adjoining premises and requiring the removal of such projecting portion, with the direction to comp'y therewith or the lease would be canceled, did not amount to a waiver of the lessor's right to insist that the erection and maintenance of the sign breached the restrictive covenant of the lease; that the defendant's licensee complied with the notice by cutting off the projecting part of the signboard does not effect a waiver; the projection was a trespass; it was the duty of the defendant and his licensee to remove it.

But even if such notice constituted a waiver, the stipulation later entered into by the parties, under which this action was brought, is a waiver by defendant of such waiver.

Pursuant to the provisions of that stipulation the rights of the parties under the lease are to be determined.

Judgment should be granted in favor of the plaintiff, declaring that the erection and maintenance of the signboard is in violation of the restrictive provisions of the lease, and carrying into effect the terms and provisions of the stipulation of the parties.

Let findings be prepared and judgment entered accordingly.

Judgment accordingly.