NELLIE LYON et al., Appellants, *v.* BETHLEHEM ENGINEERING CORPORATION et al., Respondents.

(Argued January 14, 1930; decided February 11, 1930.)

*Dominic B. Griffin, James J. McLoughlin* and *Peter P. Smith* for appellants. The use of a roof is not impliedly granted to the tenant of a building except for purposes of shelter. (*Peats* v. *Bradley*, 166 App. Div. 267; *Gude Co.* v. *Farley*, 28 Misc. Rep. 184; *Schmidt* v. *Louis, Inc.*, 122 Misc. Rep. 249; *Brown* v. *Broadway & 72d St. Realty Corp.*, 131 App. Div. 780.)

*George W. Alger* for respondents. In the absence of an express provision in a lease, either forbidding or regulating the attachment of signs, they may be attached to the portion of the premises demised as an incident to its use and the lessee of the whole of a building, unless expressly forbidden, has the right to permit signs to be attached by others than tenants of the building itself. (*Brown* v. *Broadway & 72d St. Realty Corp.*, 131 App. Div. 780; *Baldwin* v. *Morgan*, 43 Hun, 354; *Forbes* v. *Gorman*, 159 Mich. 291; *Emmons* v. *Schulte, Inc.*, 120 Atl. Rep. 221; *Lowell* v. *Strahan*, 145 Mass. 1; *Riddle* v. *Litchfield*, 53 N. H. 503; *City of New York* v. *Interborough Rapid Transit Co.*, 125 App. Div. 437.)

HUBBS, J. On March 23d, 1922, the plaintiffs leased to the defendant Bethlehem Engineering Corporation

certain real property situated on the corner of Broadway and Fifty-first street, in the city of New York, for a term of twenty-one years. The premises were described by metes and bounds. At the time there was a building on the premises. The lessee contracted to demolish the building and build a twelve-story building in place thereof. The lease provides that the building to be erected " is to be used for the following purposes, and those only: Restaurant, stores, store-rooms and offices in the first floor and basement; and for offices, showrooms, and sales-rooms for the remaining upper floors, such use of all parts of said premises, however, to conform at all times to the provisions of all laws."

After the building was erected the lessee assigned the lease to the defendant 1650 Broadway Corporation. It leased to the defendant Roxy Theatres Corporation the right to attach to the roof of the building, and to maintain thereon, an electric sign built of steel, forty feet in height and sixty feet long. The plaintiffs deemed the erection of such a structure on the roof of the building to be a violation of the terms of the lease and commenced this action to enjoin the defendants from erecting, operating or maintaining the same.

A tenant, in the absence of restrictions contained in a lease, may use a leased building in any lawful way not materially different from that to which it is adapted, and for which it was constructed. The right to exclusive occupation granted by a lease entitles a tenant to use the premises in the same manner that the owner might have used them. He must not, however, do anything to the injury of the inheritance or which constitutes waste. (*Presby* v. *Benjamin,* 169 N. Y. 377; *Bovin* v. *Galitzka,* 250 N. Y. 228.)

The landlord may, however, by express provisions in a lease, limit and restrict the use of a building to specific purposes. He has a legal right to control the uses to

which his building may be put and may do so by appropriate provisions in a lease. A landlord who seeks to limit a tenant's right to the exclusive use and occupation of a building must be able to point to some particular term of the lease which expressly restricts the tenant's rights. (*Round Lake Assn.* v. *Kellogg*, 141 N. Y. 348; *Presby* v. *Benjamin, supra.*)

As the lease in question describes the premises by metes and bounds, the lessee became entitled to the exclusive use and possession of the entire premises, the roof of the building as well as the basement. Although the subject of signs was not mentioned in the lease, the lessee, as an incident of the lease, acquired the right to use the roof and side walls of the building for the purpose of placing appropriate signs thereon to advertise any business which might be lawfully carried on in the building under the terms of the lease.

In those cases in which it has been decided the tenant had the right to place a sign on the wall of a leased building the lease did not restrict the rights of the tenant in that respect. (*Brown* v. *Broadway & 72d Street Realty Co.,* 131 App. Div. 780; *Baldwin* v. *Morgan,* 43 Hun, 355; *Lowell* v. *Strahan,* 145 Mass. 1; *Riddle* v. *Littlefield,* 53 N. H. 503.)

The right has been denied in cases where the lease contained express restrictions. (*O. J.Gude Co.* v. *Farley,* 28 Misc. Rep. 184; *Schmitt* v. *Louis, Inc.,* 122 Misc. Rep. 249.)

In *Peats Co.* v. *Bradley* (166 App. Div. 267) the lease was of one of five stores, contained in a one-story building. One of the several tenants sought to enjoin the landlord and one to whom he had granted the right to place a sign on the roof, from using it for that purpose. It was held that the roof was a common roof, that the landlord was bound to keep it in repair, and that an injunction should not issue. (See *Mac Nair* v. *Ames,* 29 R. I. 45, to the same effect.)

In the case at bar the use and occupation of the building is restricted by express provision of the lease to the purposes therein specified. Any material departure in the use of the building from the purposes specified would constitute a violation of the express terms of the lease. The construction of the sign on the roof of the building advertising a theatre was in violation of the terms of the lease. If that sign could be lawfully constructed by the tenant, a sign advertising any other lawful business could be erected, no matter how distasteful it might be to the landlord, or how much it might cheapen and detract from the appearance of the building. The injury which might result to the landlord is well illustrated by Chief Judge CARDOZO in his opinion in *Stahl & Jaeger* v. *Satenstein* (233 N. Y. 196), where he wrote: " The defendant would have us hold that, without redress, the space occupied by a lawyer may be advertised by signs as devoted to the promotion of a gold mine, and an institute of learning as a wareroom for a proprietary medicine." He added: " We are unwilling to believe that the tenant is so helpless."

It would be strange indeed if the landlord, who, by express terms, has limited the tenant's rights as to the use and occupancy of the building in question, should be held to be powerless to prevent its use for the purpose to which the defendants have attempted to put it.

A court of equity may, by injunction, prevent the defendants from using the building for a purpose which violates the restrictive covenants of the lease. (*Round Lake Assn.* v. *Kellogg, supra.*)

The judgment of the Appellate Division and that of the Special Term should be reversed and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs in all courts.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.