Emilio Nunez, J.
Claiming breach of their leasehold covenant of quiet enjoyment, six statutory tenants with expired leases and two tenants with unexpired leases have brought this *545 action to enjoin their landlord from the completion of the erection of a fire escape upon these controlled residential premises located at 190 Riverside Drive, Manhattan. Part of the work has already been done. In or about 1954, the then landlord subdivided a vacant nine-room apartment on the sixth floor into two apartments consisting of six rooms and three rooms. Defendant landlord proposes to further subdivide by making two three-room apartments out of the present six-room apartment. In order to do this, the Department of Buildings has required the erection of the fire escape, the erection of which is sought to be enjoined. In order to do this, certain work has to be performed inside plaintiffs’ apartments including drilling of the interior walls and the placing of necessary braces in order to secure and erect the fire escape.
Defendant landlord claims the right to enter the apartments with or without the tenants’ consent and to perform the necessary work to erect this fire escape. The tenants unanimously oppose the landlord, claiming that to enter their apartments for the stated purpose would be an interference with their right to quietly and peaceably enjoy their apartments. While it is true that six of the leases have expired and therefore their rights do not derive from contract but exist by reason of the emergency statutes which assure their rights to occupancy, it is equally true that two of the leases are still in full force and effect. If any one tenant should succeed, for all practical purposes the result would be the same because the fire escape would be valueless unless it served all the apartments.
The several tenants appeared before me and testified. The testimony showed and I find that this house is located in an area where there is a high incidence of burglaries. The proof shows and indeed the court will take judicial notice that a fire escape is a common means of gaining access to burglarize apartments.
The proof shows and I find that due to the tenants’ genuine fear of burglars they keep their windows leading onto the fire escapes locked at all times. Some of them had air conditioners but were compelled to remove them by the landlord because of inadequate electrical wiring. The proof shows and I find that if this second fire escape is erected the tenants will be compelled to keep the windows leading onto this second fire escape locked at all times, and this will deprive the tenants of cross-ventilation and will leave them with inadequate air and ventilation in their various apartments. I was impressed by the genuineness of the fear expressed by the various tenants of finding themselves virtual prisoners in these apartments during the hot Summers without any possible relief against the hot *546 weather. I do not believe that their application for this injunction is motivated by bad faith.
Under the lease, the landlord is given the right to enter the premises at any reasonable hour to make repairs and “ to make such decorations, repairs, alterations, improvements or additions as landlord may deem necessary or desirable, and landlord shall be allowed to take all material into and upon said premises that may be required therefor without the same constituting an eviction in whole or in part The landlord points to this provision in the lease and claims the absolute right to enter the apartments and to do the necessary work to install the fire escape. It is evident that the only reason the landlord seeks to erect the fire escape in question is to increase the number of apartments in his building and thus derive more rent. I do not believe that the quoted provision in the lease was meant to give the landlord the right for which he contends. I consider entry into the tenants’ apartments under the circumstances in this case to be a substantial invasion of their right to quietly enjoy their apartments and further I consider that the erection of the fire escape would deprive them of the air to which they are entitled as the defendant’s tenants.
Notwithstanding my findings, I realize that a mandatory injunction is an extraordinary remedy to which the plaintiffs have no absolute right but which may be granted or withheld by a court of equity in the exercise of its sound discretion. The court has endeavored to determine whether the grant of this extraordinary remedy is justified in this case and, if granted, the terms and conditions which should be imposed.
It has been held in Schulte Realty Co. v. Pulvino (179 N. Y. S. 371, 373 [App. Term, 1st Dept., per Lehman, J.]): “ The demise to the tenant undoubtedly included right of access to his premises and right to light and ventilation, and any act of the landlord which physically interfered with these rights of the tenant constitute in my opinion an invasion of the demised premises and a partial eviction of the tenant therefrom. * * * If the demise includes the right to light and air, and the landlord physically interferes with such light and air, his act must logically constitute an eviction of the tenant from the beneficial enjoyment of part of the demise Judge Cardozo in Stahl & Jaeger v. Satenstein (233 N. Y. 196, 197) said: “ Some cases hold that the outer face of the wall is equally with the inner face a part of the premises demised” (citing cases). In that case, the Court of Appeals decreed that the landlord should be enjoined from placing a sign on the outer walls of space rented by *547 the tenants. In so doing, the court reversed the Appellate Division and reinstated the judgment of Special Term.
Bearing in mind how vitally the rights of the landlord will be affected by the granting of the remedy sought and weighing the equities on both sides, I have come to the conclusion that the plaintiff’s application for injunctive relief should be denied upon condition, however, that defendant will agree to and will in fact remove the existing fire escape serving these apartments within 60 days after completion of the erection of the fire escape presently in the course of construction. If the landlord does not so stipulate or if for any reason it is not possible to remove the existing fire escape, thus making it necessary for the erection and maintenance of two fire escapes, then the relief sought by the plaintiffs will be granted and the defendant will be enjoined from completing the erection of the subject fire escape.